BENOIST & DONNELLY, Respondents, v. SYLVESTER *et al.*, Appellants.

1. A court ought, on a proper motion for that purpose, direct a jury to find a verdict in favor of one of several defendants if the facts adduced in evidence be such that the jury would not be authorized to find a verdict against him.

2. The practice in this state has been to entertain such a motion at the close of the case on the part of the plaintiff, before the opening of the defence; the better rule would seem to be that the court may, in its discretion, refuse to entertain such a motion at the close of the plaintiff's case, if it is probable that the evidence will be adduced before the whole evidence in the cause is closed that would authorize a verdict against the defendant whose acquittal is sought.

*Appeal from St. Louis Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.

*A. J. P. Garesché*, for appellants.

I. There was no evidence whatever against Shinkle and Jackson. The court ought to have directed the jury to retire and find a verdict for each of them, as requested at

the close of plaintiff's case. (See Bald. C. C. 533 ; 22 Mo. 351; 8 Mo. 26 ; Wood v. Mathias, 21 Mo. 308 ; Young v. Croughton, 17 Mo. 367 ; Brown v. Lewis, 25 Mo. 335.) They were made parties to stifle their evidence.

II. Chenowith was a competent witness. (Launier v. Francis, 23 Mo. 181 ; Sherwood's Adm'r v. Hill, 25 Mo. 391; Smith R. 419, 823.)

III. The several defendants, and particularly Shinkle and Jackson, should have been permitted to testify in behalf of their co-defendants. (Block v. Chase, 15 Mo. 344 ; Sess. Acts, 1857, 180 ; 9 How. Prac. 385 ; Whitaker's Practice, p. 366.)

*B. A. Hill*, for respondents.

I. The defendants were all properly made parties. The defendants were not entitled to any severance in this cause. The defendants had given a delivery bond jointly. The judgment rendered must be an entirety. The court committed no error in overruling the motions to direct the jury to pass upon the cases of each of the defendants separately. It is sufficient answer to all that may be urged to say that the jury found all the defendants guilty. If the court had any discretion in such an action as this, it was soundly exercised. The court also decided correctly in excluding the testimony of Chenowith. The suit was defended for the immediate benefit of Chenowith & Co. (15 Barb. 322; Catlin v. Hansen, 1 Duer, 309 ; 2 Duer, 419 ; 1 Code Rep. N. S. 213 ; 2 Kernan, 374; 3 Kernan, 266.) There was no error in the instructions.

RICHARDSON, Judge, delivered the opinion of the court.

This is an action of replevin for twenty-five barrels castor oil, which the plaintiffs averred they were entitled to the possession of, by virtue of a special property therein, and that the same was in the possession of the defendants and unlawfully detained by them. The defendants answered separately. Sylvester denied all the material allegations in the

petition, and also denied that his co-defendants had any possession of the property, but admitted that the oil was in his possession, and that he lawfully detained it as the agent of J. S. Chenowith & Co., of Cincinnati, who were the owners of it. The other defendants likewise denied the averments in the petition, or that they had possession, and disclaimed any interest whatever in the property in dispute.

At the conclusion of the evidence on the part of the plaintiffs the defendants asked that the jury might be permitted to retire to consider their verdict in respect to Sylvester, which the court refused to permit ; and the like motions were made separately in respect to each of the other defendants, which were also denied.

The motion was properly overruled as to Sylvester, for he admitted himself in possession, and the main controversy was with him as to the right of possession. At that stage of the trial the only evidence implicating Jackson was, that he was Sylvester's clerk, and during his employer's absence the oil was demanded of him. But as to Shinkle, he denied that he had possession, and disclaimed any interest, and there was not a particle of evidence to show that he had possession of the property directly or indirectly at the commencement of the suit, or that he really had or claimed any interest in it. The defendants then proceeded with the case on their part, and began by reading the deposition of Donnelly, one of the plaintiffs, which had been previously taken and filed ; and if there was any doubt before as to the propriety of making Jackson a defendant, it was removed by the statement of the deponent that he had demanded the oil of him, and that he refused to give it up, saying " that he had the oil and intended to keep it." And as to Shinkle, the first reading of the deposition left a doubt whether he, too, was not properly joined in the action ; but on a careful re-examination of it, we think it fails to show a single fact to connect him with the possession or detention of the property.

Generally any one in possession of goods may be made defendant in actions of replevin, for the owner is not bound to

ascertain whether the person who detains his property is acting for himself or in subordination to another. So if goods are taken by A. at the command of B., the replevin may be against both or either. (Morris on Repl. 73.) The motion then was properly overruled as to Jackson, but the court ought to have directed an acquittal as to Shinkle.

Greenleaf, following the rule laid down in Gilbert, says, that the court will not direct the acquittal of one defendant in order that he may testify for the others " if there be *any* evidence against him, though in the judge's opinion not enough for his conviction." (Greenl. Ev. § 358.) In this state, under our system of practice, where the plaintiff incurs practically no risk in misjoining defendants, even in actions *ex contractu*, and the temptation is so great to turn witnesses into defendants, the old rule ought to be relaxed, and the true test, we think, is laid down in McMartin v. Taylor, 2 Barb., S. C., 356, that the court ought to direct the jury to acquit a defendant on a proper motion for that purpose, if the facts be such that the jury would not be authorized to find a verdict against him, or if the court would set it aside if he was sued alone.

The cases present a diversity as to the time when the acquittal should take place, viz., whether at the conclusion of the case on the plaintiff's part, or at some subsequent stage. In Child v. Chamberlain, 6 Carr. & Pay. 216, Park, justice, said that it was the unanimous opinion of all the judges that the motion should be made at the close of the plaintiff's case, before any part of the defendant's evidence is gone into. But in the later case of Sowell v. Champion, 6 Adol. & Ellis, 415, Lord Denman said, " the application to a judge, *in the course of a cause*, to direct a verdict for one or more of several defendants in trespass is strictly to his discretion, and that discretion is to be regulated not merely by the fact that at the close of the plaintiff's case no evidence appears to affect them, but by the probabilities whether any such will arise before the whole evidence in the cause closes. There is so palpable a failure of justice when the evidence for the

Benoist v. Sylvester.

defence discloses a case against a defendant prematurely acquitted, that such acquittal ought never to take place but where there is the strongest reason to believe that such a consequence can not follow." (See also 1 Phil. Ev. 73 ; 1 Greenl. Ev. § 358.) There is good sense in the observations of Lord Denman, for it sometimes happens that the complicity of a defendant sought to be discharged at the close of the plaintiff's case is abundantly established by the defendant's own testimony, and the court would be exceedingly embarrassed, after directing the acquittal of a defendant, if it should turn out by the proof afterwards given that he was more guilty than the others. It is believed, however, that the practice in this state has generally been as it is stated by Mr. Justice Park, and, though we think the other rule is the safest, the defendants in this case ought not to be prejudiced for failing to make a second motion after all the evidence was in, inasmuch as the court did not overrule the first because it was premature.

Without undertaking now to construe the supplementary act concerning witnesses, passed in February, 1857 (Sess. Acts, 1857, p. 181), and to state the cases in which a party may be examined as a witness in behalf of his co-plaintiff or of a co-defendant, it is sufficient to say that in an action of replevin a separate verdict or judgment is not absolutely necessary from the nature of the suit, nor was any matter set up in this case which went merely to the personal defence of one defendant and not to that of the others, as for instance infancy, bankruptcy, or coverture ; and there is nothing in this law which authorized either of the defendants to testify for the others.

The examination of Chenowith on his *voir dire* showed that the suit was defended for his immediate benefit, and he was properly excluded as a witness.

The court erred in not directing the jury, before the case was finally submitted, to acquit Shinkle, and on that account the judgment will be reversed and the cause remanded ; the other judges concur.