Paul GIBSON, Jr., By and Through His Next Friend, Alma Gibson, Plaintiff-Appellant-Respondent,

v.

Ben F. NEWHOUSE, Defendant-Respondent,

and

Bud Godsey, Defendant-Appellant.

No. 51283.

Supreme Court of Missouri, Division No. 1.

April 11, 1966.

Motion for Rehearing or to Transfer to Court En Banc Denied May 9, 1966.

William L. Pannell, Festus, for appellant-Godsey.

Earl R. Blackwell, Hillsboro, for plaintiff-respondent.

J. Richard Roberts, Dearing, Richeson, Weier & Roberts, Hillsboro, for respondent Newhouse.

DONNELLY, Judge.

On May 23, 1964, the minor plaintiff Gibson was operating a motor scooter in a westerly direction on Highway 110 in Jefferson County, Missouri. Defendant Godsey, at said time and place, was operating a tractor and hay wagon in an easterly direction in the eastbound lane. Defendant Newhouse, operating his automobile in an easterly direction, came up behind Godsey's hay wagon, then pulled into the westbound lane to pass Godsey's hay wagon and collided with Gibson.

Gibson sued Newhouse and Godsey for $80,000. Trial was had in the Circuit Court of Jefferson County, Missouri. A motion for directed verdict was filed by Godsey at the close of plaintiff's evidence, which motion was overruled. Godsey stood on his motion and did not participate further in the trial except when called as a witness by Newhouse. The jury returned a verdict against Newhouse in the amount of $20,000 and in favor of Godsey. Newhouse filed a motion for new trial which was sustained by the trial court. Plaintiff filed a motion for new trial against Godsey, which was sustained by the trial court "on the ground that the jury's final verdict respecting issues between plaintiff and Godsey is contrary to the weight of the evidence."

Godsey appeals from the ruling of the trial court ordering him to submit to another trial and alleges that plaintiff's evidence is insufficient to make a case against Godsey.

■ The first question for determination is: In ruling on the sufficiency of plaintiff's case, must we consider only the evidence adduced to the point in the trial where Godsey filed his motion for directed verdict and stood on it, or can we consider all the evidence in the case? Godsey was called as a witness by Newhouse. On cross-examination by the attorney for Gibson, Godsey was asked if he knew Newhouse was going to call him to testify and he answered that he did not. Godsey's attorney,

after filing the motion for directed verdict at the close of plaintiff's evidence, did not participate further in the trial. He questioned no witnesses, submitted no instructions, and did not argue the case. It is the law in this State that where a defendant does not stand on his motion for directed verdict at the close of plaintiff's evidence, but goes on and puts in his own case, we look to all the evidence in the case to see if plaintiff's case was aided by defendant's proof. Flanigan v. City of Springfield, Mo.Sup., 360 S.W.2d 700; Daniels v. Smith, Mo.Sup., 323 S.W.2d 705. However, in the instant case, Godsey stood on the motion.

■ Where there is one defendant in a case and he stands on a motion for directed verdict, and plaintiff does not reopen, the trial of the case ends and plaintiff's evidence is all the evidence available for consideration. Where there are multiple defendants, and all stand on their motions for directed verdict, and plaintiff does not reopen, the trial of the case ends and plaintiff's evidence is all the evidence available for consideration. A problem arises, as here, where there are multiple defendants, and one of the defendants stands on his motion for directed verdict, and evidence is adduced in behalf of the other defendant or defendants. This problem has given the courts much difficulty. See Annotation, 48 A.L.R.2d 535. In Sowell v. Champion (1838) 6 Ad & El 407, 112 Eng Reprint 156, 2 Nev & P 627, Lord Denman, Ch. J., stated the rule as follows: "The application to a Judge, in the course of a cause, to direct a verdict for one or more of several defendants in trespass is strictly to his discretion; and that discretion is to be regulated, not merely by the fact that at the close of the plaintiff's case no evidence appears to affect them, but by the probabilities whether any such will arise before the whole evidence in the cause closes. There is so palpable a failure of justice, when the evidence for a defence discloses a case against a defendant already prematurely acquitted, that such acquittal ought never to take place, but where there is the

strongest reason to believe that such a consequence cannot follow." In Benoist v. Sylvester, 26 Mo. 585, this Court subscribed to the rule that what we now call a motion for a directed verdict should be made at the close of plaintiff's case, before any part of the defendant's evidence is gone into. The right of a defendant to move for a directed verdict at the close of plaintiff's case is recognized in § 510.280 RSMo 1959, V.A.M.S. In Rothweiler v. St. Louis Public Service Co. et al., Mo.App., 224 S.W.2d 569, 573, the St. Louis Court of Appeals considered error assigned by St. Louis Public Service Company to the trial court's refusal of its motion for a directed verdict. There were two defendants in the case, Edward Cordia and St. Louis Public Service Company. In considering the submissibility of the case against St. Louis Public Service Company, the Court said: " * * * the question must be decided upon the strength of plaintiff's own evidence unaided by the evidence brought forward by defendant Cordia in his own defense, since defendant St. Louis Public Service Company stood on its motion for a directed verdict at the close of plaintiff's case, and thereby did nothing to waive its right to challenge the action of the court at that stage of the proceeding. * * *" The Rothweiler case was transferred to this Court, and this Court, en banc, affirmed the conclusions of the Court of Appeals except as to the propriety of an instruction and reversed the case for error in the instruction. Rothweiler v. St. Louis Public Service Co., et al., 361 Mo. 259, 234 S.W.2d 552. Cf. Gabelman v. Bolt, 336 Mo. 539, 80 S.W. 2d 171; Christinsen v. Sheldon, 245 Iowa 674, 63 N.W.2d 892, 48 A.L.R.2d 522; Carson v. Weston Hotel Corp., 351 Ill. App. 523, 115 N.E.2d 800; and Sadler v. Draper, 46 Tenn.App. 1, 326 S.W.2d 148. We, therefore, follow the rule announced in the Rothweiler case and hold that, in ruling on the submissibility of the evidence in this case against Godsey, we are limited to a consideration of the evidence adduced prior to the filing of Godsey's motion for directed verdict. We do not believe this rule works a hardship on plaintiffs generally. Plaintiffs are entitled to prove essential parts of their cases by testimony of adverse parties at the trial. Section 491.030 RSMo 1959, V.A.M.S. They may request of defendants the admission of facts and of genuineness of documents. Rule 59, V.A. M.R. They may utilize depositions and interrogatories, Rules 56 and 57, V.A.M.R., and admissions against interest of the adverse parties contained in answers thereto may be introduced by plaintiffs in their cases in chief. White v. Burkeybile, Mo. Sup., 386 S.W.2d 418, 422, 423. There is no reason why plaintiffs cannot present all available evidence essential to their recovery before they rest their cases.

As heretofore stated, the jury found the issues of negligence in favor of Godsey but the trial court was of the view that the verdict was against the weight of the evidence and for that reason sustained plaintiff's motion for a new trial. Section 510.330 RSMo 1959, V.A.M.S.

"A new trial having been granted on this broad discretionary ground, the trial court's view that the verdict was against the weight of the evidence is conclusive in this court unless there has been a manifest abuse of discretion, which in this case is demonstrable only if there was no substantial evidence justifying the submission of the plaintiff's claim of negligence to the jury." Berry v. Harmon, Mo.Sup., 323 S.W.2d 691, 693. In determining whether or not a submissible case was made for the jury against Godsey, we must consider plaintiff's evidence from a viewpoint most favorable to plaintiff and give plaintiff "the benefit of every reasonable favorable inference which the evidence tends to support." Berry v. Harmon, Mo.Sup., 329 S.W.2d 784, 789. "But, of course, the case is not to be submitted unless each and every fact essential to liability is predicated upon legal and substantial evidence. Neither may any fact essential to submissibility be inferred in the absence of substantial evidentiary basis. In other words, liability cannot rest upon guess-

work, conjecture or speculation beyond inferences reasonably to be drawn from the evidence. Willey v. Fyrogas Company, 363 Mo. 406, 251 S.W.2d 635, 642; Brawley v. Esterly, Mo., 267 S.W.2d 655, 659; Quinn v. St. Louis Public Service Co., Mo., 318 S.W.2d 316, 323; 32 C.J.S. Evidence § 1042, p. 1116. The question of whether the evidence in a given case is substantial is one of law for the court. Vietmeier v. Voss, Mo., 246 S.W.2d 785, 787–788; Tharp v. Monsees, Mo., 327 S.W.2d 889, 899." Probst v. Seyer, Mo.Sup., 353 S.W.2d 798, 802, 91 A.L.R.2d 1252.

Plaintiff contends that there is substantial evidence to support either or both of the following submissions of negligence on the part of Godsey: (1) In operating his tractor and hay wagon on the pavement of a heavily-traveled highway with many hills and curves after dark, and at a speed which was so slow as to endanger persons traveling on said highway at that time, and (2) that Godsey failed and omitted to operate his tractor and hay wagon on the eight-foot shoulder of the heavily-traveled highway.

A review of the evidence adduced in plaintiff's case in chief is in order. A collision occurred between an automobile operated by Newhouse and a motor scooter operated by Gibson on Highway 110, Jefferson County, Missouri, the night of May 23, 1964. Highway 110 extends east and west. The collision occurred on a double curve, an "S" curve. The highway has quite a few curves in it and it goes up and down hill. There are shoulders eight feet wide on both the north and south sides of the highway. The accident happened on a Saturday night. Generally, on a Saturday night, the traffic is "considerably more heavy than it is on any other night during the week."

When the accident happened Gibson was going to his sister's house in DeSoto. As he was driving west on his motor scooter, he passed the tractor and hay wagon, which was going east. Children were riding on the hay wagon. He went up the highway, turned around and, at a speed of about 30 miles per hour, passed the tractor and hay wagon traveling east. About an eighth of a mile beyond the tractor and hay wagon he again turned around and started back in a westerly direction. As he got beside the tractor and hay wagon he saw the Newhouse automobile coming around the hay wagon from the west. Plaintiff Gibson headed for the ditch to the north of the highway. The front of the Newhouse automobile struck Gibson when about a foot away from the north edge of the highway. The hay wagon was traveling at that time on its right side of the pavement.

Plaintiff submits that we should take judicial notice that a tractor towing a hay wagon would not exceed a speed of fifteen miles per hour at most, and, if so, that such fact would permit a jury to find a speed so slow as to endanger persons traveling on the hilly, curvy, and heavily-traveled highway after dark. He further submits that Godsey's conduct was for the jury because Godsey under the circumstances failed to operate the tractor and hay wagon on the eight-foot shoulder of the highway. The effect of all this is that plaintiff asks us to rule that defendant's conduct in operating a tractor and hay wagon after dark on a hilly, curvy, and heavily-traveled highway was, in itself, sufficient to make a jury issue of negligence. This we cannot do. To do so would allow a jury to base a verdict on speculation and conjecture. Further, there is no substantial evidence upon which to base a finding of proximate cause. Plaintiff cites Lafferty v. Wattle, Mo.App., 349 S.W.2d 519. There, the car in which plaintiff was riding struck the rear of defendant's truck. The Court treated the effect of § 304.011 RSMo 1959, V.A.M.S., our "slow speed" statute, and correctly stated "there must exist circumstances which conform to the purpose and intent of the act before it presents a question for the jury." [349 S.W.2d 519, 528.] A case somewhat similar to the facts in the instant case is Nash v. Christenson, et al., 241 Minn. 164, 62 N.W. 2d 800. Our § 304.011 RSMo 1959, V.A.M.S. reads in part as follows: "No person shall

drive a motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or in compliance with law." These provisions and the Minnesota "slow speed" statute are identical. In the Minnesota case, Irving and Clifford Strassburg had purchased a used road grader. Clifford was driving it home on a public highway at a speed of about 15 miles per hour. Irving was following in a DeSoto. Both were traveling south. Christenson, traveling south, came up behind Irving, decided to pass Irving and Clifford and saw Nash coming from the opposite direction. Christenson decided to go back into his own lane of traffic. In doing so, he hit the left rear of Irving's DeSoto. This, in turn, caused his car to be thrown into the east lane of the highway and into the path of the Nash automobile. Christenson and Nash collided. Nash sued Christenson, Irving Strassburg, Clifford Strassburg, and Christenson's employer. Nash invoked against Clifford and Irving the "slow speed" statute and also contended that they should have given way by driving on the shoulder. The Supreme Court of Minnesota rejected these contentions and held that the issues of negligence and causation as to each of the Strassburgs should not have been submitted to the jury.

 We have a similar situation here. A fatal weakness in plaintiff's case is that a jury would be required to guess as to why Newhouse passed Godsey and collided with Gibson. A lack of substantial evidence in this respect distinguishes our case from the case of Bowman v. Moore, 237 Mo.App. 1163, 167 S.W.2d 675. It seems to us that only by resorting to speculation and conjecture outside of and beyond the scope of the evidence may it be found that any negligence of Godsey proximately caused any injury to Gibson. This being true, Gibson failed to make a submissible case.

The case is reversed and remanded with direction to enter judgment for defendant Godsey. Gibson filed a notice of appeal here. However, he did not pursue the appeal and his appeal is, therefore, dismissed.

All concur.