Harold **LIFRITZ**, Plaintiff-Appellant,

v.

**SEARS, ROEBUCK AND COMPANY,** Defendant-Respondent.

No. 33931.

St. Louis Court of Appeals, Missouri.

Sept. 28, 1971.

Padberg, Raack, McSweeney & Slater, William J. Raack, St. Louis, for plaintiff-appellant.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, F. X. Cleary, Daniel T. Rabbitt, St. Louis, for defendant-respondent.

WEIER, Commissioner.

Plaintiff, the purchaser of an aluminum stepladder from defendant company, fell from the ladder and sustained personal injuries. The trial court sustained defendant's motion for a new trial after a verdict and judgment awarded plaintiff the sum of $7,900.00. We reverse and remand, with instructions to reinstate the verdict and judgment.

Harold Lifritz, the plaintiff, was 45 years of age and for 22 years had been an engineer for the Norfolk & Western Railroad. Weighing 173 pounds, he stood five feet ten and one-half inches.

On August 9, 1967, Mr. Lifritz purchased a six-foot aluminum stepladder from the defendant. Subsequently, he used it to paint the interior of his house and to take down and put up storm windows. It was used only at his house in Affton, Missouri, and no one other than himself had used the ladder. Between the time he purchased it on August 9, 1967, and the date of his fall, April 7, 1969, the ladder had not been damaged in any respect. On April 7, 1969, he placed the stepladder in a fully open position upon the level concrete floor of his garage, with the intention of lifting a piece of lumber to a loft storage space in that building. There was no grease or foreign substance on the floor. The piece of lumber was 2 inches by 4 inches, approximately 8 feet long, and weighed 8 to 9 pounds. Mr. Lifritz leaned it against the ladder and then ascended to the third rung. He stood flat-footed on the rung, with his feet spaced 6 to 8 inches apart. With his right hand he reached for the piece of lumber. He had it above his head, shoving it into the loft, when he felt the left leg give and the ladder then collapsed underneath him. This threw him to his left and he struck his head and neck on a window fan sitting on the floor of the garage.

The ladder, introduced into evidence as an exhibit, was manufactured from a thin-wall extruded aluminum alloy. The channeled sidepieces were joined to the steps with rivets. Below the first step four braces ran from the front and back of each sidepiece up to the under part of the first step. These were riveted to each member. No such bracing was used on the second and third steps. The left sidepiece had bent inwardly at the second step. The right sidepiece had also bent inwardly just below the second step. The first step was bent upwardly in the middle and all four braces remained essentially straight.

After the trial, which resulted in a verdict and judgment for plaintiff, defendant filed an after-trial motion, first seeking to have the judgment set aside and to render a new judgment in its favor in accordance with its motion for directed verdict at the close of all the evidence, or, in the alternative, for a new trial. The court denied the motion for judgment in accordance with defendant's motion for directed verdict, but sustained the motion for new trial. Plaintiff has appealed, contending that the man-

ner in which the court set forth its grounds or reasons for sustaining the motion for new trial indicated that it determined that there was insufficient or no evidence upon which the jury could determine liability against defendant. Thus, plaintiff maintains the trial court, if it granted any relief to defendant on the basis of the motion, should have granted defendant's motion for judgment in accordance with its motion for directed verdict, and failure to do so was error. Plaintiff asserts the evidence presented a clear case of liability against the defendant, and so, conversely, the trial court erred in granting defendant any relief and the jury verdict therefore must be reinstated. More simply put, plaintiff contends the court erred in granting defendant a new trial for reasons not proper to support such action and further that the reasons so relied upon by the court did not exist. Defendant counters by leveling on plaintiff that fearsome and destructive charge that plaintiff failed to make a submissible case and, further, even if he did, what the court actually intended as grounds for sustaining the motion for new trial was that the verdict was against the weight of the evidence—an unassailable discretionary ground, where, as here maintained, there is no showing of abuse.

■ First, we consider submissible case. Plaintiff submitted a theory of strict tort liability. Since the adoption of the rule stated in 2 Restatement, Law of Torts, Second, § 402A, in Keener v. Dayton Electric Manufacturing Company, Mo., 445 S. W.2d 362, there can be no doubt that he who sells a product in a defective condition which is reasonably dangerous to the user or consumer is liable for personal injury thereby caused to the user or consumer. The failure of proof here asserted by defendant is that plaintiff did not prove the ladder was defective or dangerous when put to a use reasonably anticipated at the time it was sold by defendant to plaintiff. In support of this statement, defendant first insists that the occurrence itself did not prove a defect existed or that the ladder was dangerous. In cross-examining plaintiff, defendant's counsel brought out the fact that instructions or a warning were printed on the side of the ladder, which contained this paragraph:

"4. Avoid stretching and an off balance condition by keeping ladder close to work. If necessary to lean to the side or if wind is blowing when in use outdoors, someone should hold the ladder. A ladder falling to the side, in addition to causing possible injuries, will have all your weight on one side. This may cause it to bend inward at the first step."

■■ Arguing a posteriori—from the occurrence back to determine the cause—defendant advances the theory that since the incident described by plaintiff was exactly as warned against in this paragraph, the bending of the ladder would not prove a defect existed, but rather it may have been the result of stretching or placing the ladder in an off-balance condition. The plaintiff, however, testified that he stood "flat-footed" on the third rung, with his feet 6 to 8 inches apart; his left hand was on the top of the ladder; he lifted the piece of lumber from where it was leaning against the ladder with his right hand, not off on one side or the other, but above his head; and shoved it into the loft. Obviously, the warning on the ladder would not raise any inference that the incident was caused by an act of plaintiff in creating an unbalanced condition. Furthermore, plaintiff's evidence refutes such an unbalanced condition and, in determining whether plaintiff made a submissible case, we consider the evidence most favorable to plaintiff with all reasonable inferences to be drawn therefrom, and disregard defendant's evidence unless it aids plaintiff's case. Payyer Printing Machine Works v. South Side Roofing Company, Mo.App., 446 S. W.2d 445, 448[1].

■ Defendant's second argument in support of its contention that plaintiff failed to make a submissible case is on

firmer ground. Briefly, it is that the testimony of plaintiff's expert witness, a licensed professional engineer, failed to prove that a defect existed and that the incident was directly caused by a defect. Rather, so defendant contends, he proved multiple causes, for one of which and not the other, or others, defendant was liable. Absolute certainty or positive proof of causation by an expert witness is not required in a products liability case. The jury may determine that the incident resulted from a defect in the instrumentality, rather than other causes, upon an opinion of a qualified expert that the defect was the more reasonable probable cause. Such a finding, however, must be based upon probative facts, and any verdict based upon speculation and conjecture must, upon proper motion, be set aside. These probative facts may be established by circumstantial evidence, which, while not requiring the quality of absolute certainty, must point to the desired conclusion with such a degree of certainty as to make that conclusion reasonable and probable. It must rise above guesswork, speculation or surmise. Tucker v. Central Hardware Company, Mo., 463 S.W.2d 537, 540.

■ In the case before us, the engineer inspected the damaged ladder after the occurrence. He did not perform any tests regarding the strength of the material. He observed that the legs were bent inward. He testified that this condition was caused by one of two things, an overload or a weakness in the material. Considering a hypothesis of the facts presented in a summary by plaintiff's counsel, he gave as his opinion, based upon a reasonable degree of certainty, that the evidence was that of a "typical failure"—a failure of the aluminum metal as "if the metal were not strong enough." It may be granted that his responses were awkward, but the intent and meaning were clear: The ladder bent because of structural failure. The aluminum metal was not strong enough. This was evidence which, coupled with plaintiff's testimony concerning the condition

and use of the ladder and the happening of the incident, permitted the jury, as in *Tucker*, supra, "to infer that the cause was a defect for which defendant was responsible." (463 S.W.2d 537, l. c. 540). See also Williams v. Ford Motor Company, Mo.App., 411 S.W.2d 443, 447[3], which held that a defect may be inferred from circumstantial evidence alone.

We turn now to the contention of plaintiff that the court erred when it granted defendant a new trial for reasons which defendant contends are discretionary but plaintiff contends are improper. Instead of specifying the reasons in the order, the court referred to grounds set forth in the defendant's after-trial motion, a method criticized in Caldwell v. St. Louis Public Service Company, Mo., 275 S.W.2d 288. The court's order sustained the motion "on grounds A, H, and I, of the said Motion." Paragraphs A, H and I of the motion for new trial are as follows:

"A. Because the verdict is against the weight of the evidence in that the occurrence could not have occurred in the manner described by plaintiff and in the respects set forth above."

"H. The verdict was against the weight of the evidence in that there was no showing by the plaintiff, or plaintiff's evidence, that the ladder was defective and dangerous for use reasonably anticipated at the time it was sold by the defendant to plaintiff."

"I. Because the verdict is against the evidence in that there was no showing that there was any condition existing regarding the ladder which resulted in plaintiff's fall. Plaintiff's expert witness did not testify that there was any defect in the ladder but said a fall could be caused by one of three reasons: one, an overload placed on the ladder; two, a weakness of material in the ladder and three, misuse of the ladder."

■ If the paragraphs had confined themselves to the statement that the ver-

dict was against the weight of the evidence, we would not rule reversible error in the decision of the trial court to grant a new trial. Such a decision, being based upon a discretionary ground, would not be interfered with by an appellate court in the absence of an abuse of discretion. Civil Rule 78.01, V.A.M.R.; Gibson v. Newhouse, Mo., 402 S.W.2d 324, 327[4]. (For a historical discussion of the rule, see Clark v. Quality Dairy Company, Mo., 400 S.W.2d 78.) But the paragraphs referred to by the trial court in its cryptic order go beyond the discretionary ground of being against the weight of the evidence. They specify that the verdict is against the weight of the evidence "in that", in essence, plaintiff failed to make a submissible case. Paragraph A specifies that the occurrence could not have happened in the manner described by plaintiff and in the respects set forth previously in the motion. This is a direct reference to extensive specifications set out in the alternative motion for judgment in accordance with defendant's motion for directed verdict, which preceded the motion for new trial, and which described in detail why plaintiff failed in his proof. Paragraphs H and I, in the same manner, refer to plaintiff's failure of proof as the reason for a favorable determination by the court. If plaintiff failed to make a submissible case, as the court determined, then he was not entitled to a new trial. In that event, the defendant's motion to set aside the judgment and enter judgment for defendant in accordance with its motion for directed verdict should have been sustained. And so, if the trial court arrived at its so-called discretionary ground clearly upon a determination which we have previously held contrary to the law, it has abused that discretion and its order may not stand. The law is well established that if plaintiff fails to make a submissible case, an order granting a new trial to plaintiff, after verdict for defendant, would be arbitrary and an abuse of the court's discretion. Schmidt v. Allen, Mo., 303 S.W.2d 652, 655[1, 2]; Friedman v. Brandes, Mo., 439 S.W.2d 490,

492[2]. Equally true is the converse, that, if plaintiff makes a submissible case, an order granting a new trial to defendant, after verdict for plaintiff for the reason that plaintiff failed to make a submissible case, would be arbitrary and an abuse of the court's discretion.

The order of the court sustaining defendant's motion for new trial is therefore reversed and remanded, with instructions to the trial court to overrule the motion for new trial and to reinstate the verdict previously rendered and the judgment entered thereon.

PER CURIAM.

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, the order of the court sustaining defendant's motion for new trial is therefore reversed and remanded, with instructions to the trial court to overrule the motion for new trial and to reinstate the verdict previously rendered and the judgment entered thereon.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.