Rose Burns WILLIAMS, Plaintiff-Respondent,

v.

FORD MOTOR COMPANY, a corporation, et al., Defendants,

McMahon Ford Company, a corporation, Defendant-Appellant.

No. 34578.

Missouri Court of Appeals, St. Louis District, Division One.

March 20, 1973.

Motion for Rehearing or Transfer Denied May 11, 1973.

Kramer, Chused, Kramer, Shostak & Kohn, Burton H. Shostak, James E. Crowe, St. Louis, for defendant-appellant.

John P. Montrey, Barry Short, Clayton, for plaintiff-respondent.

WEIER, Judge.

This case comes before us on its third appeal. Plaintiff brought suit for personal injuries against the manufacturer and dealer of a 1961 Ford Thunderbird which collided with a tree as a result of a faulty steering mechanism. At the first trial, plaintiff recovered a verdict and judgment against both defendants with damages fixed by the jury at $15,000.00. On appeal, Williams v. Ford Motor Co., 411 S.W.2d 443 (Mo.App.1966), this court reversed because the verdict directing instruction omitted the requirement that the defect existed at the time the car left the control of the manufacturer. The case was remanded for a new trial as to liability only. The second trial resulted in a verdict against the plaintiff and in favor of both defendants. On the second appeal, Williams v. Ford Motor Co., 454 S.W.2d 611 (Mo. App.1970), we affirmed the action of the trial court in granting a new trial because of the submission of the issue of contributory negligence by defendants' instructions. In the third trial of the case, two verdict directing instructions were given, one as to liability of defendant Ford Motor Company and the other as to liability of McMahon Ford Company. This complied with our opinion in *Williams I* and M.A.I. 25.04, which directs the plaintiff to submit separate instructions as to each when he sues both manufacturer and retailer. In the third trial, the jury returned a verdict in favor of plaintiff and against McMahon Ford Company but released defendant Ford Motor Company from any liability. Defendant McMahon now contends on appeal that it was reversible error for the court to give two verdict directing instructions for plaintiff because under the theory of strict liability in tort, only one instruc-

tion should be given to the jury as to both defendants.

We will not review all of the facts. They are adequately set forth in the two prior decisions of this court. It is sufficient to note that the Ford Motor Company, the manufacturer, produced evidence that the automobile steering mechanism was in a safe condition when it was manufactured and that, upon tests made, it was found to be operating in a normal fashion. When the car was delivered to McMahon Ford Company, it received a regular checkout which included a check of the power steering fluid level and a test run of the car. Three days after it was delivered to plaintiff, however, the car was returned to McMahon with a complaint about hard steering. The steering mechanism was found to be noisy and the power steering fluid level low. A slight leak was detected in a hose fitting and also around a casting. The fittings were tightened. A washer was replaced. A test drive then indicated the power steering to be satisfactory. A salesman at one time during this period of complaint and repair found the steering to be so bad that he could not get it off the sales lot. He returned the car to the service attendant who again filled the power steering unit with fluid. Even when the automobile was returned to plaintiff just before the collision, the salesman found that it did not respond on sharp corners or on sharp turns.

■ Two instructions were given. Both were modeled after M.A.I. 25.04. The instruction submitted as to the liability of Ford Motor Company hypothesized: "* * * when plaintiff used the 1961 Thunderbird it was in substantially the same condition as when manufactured by defendant Ford Motor Company, * * *." The instruction hypothesized as to the liability of McMahon Ford Company: "* * * when plaintiff used the 1961 Thunderbird it was in substantially the same condition as when sold by defendant McMahon Ford Company, * * *."

Thus in each instance the instruction required the jury to affirmatively pass upon one of the elements of the rule of strict liability stated in Restatement, Second, Torts § 402A(1)(b). This requires in order to establish liability against the seller a product must reach the user without any substantial change in the condition in which it is sold. The rule stated in § 402A is, of course, the law in Missouri. Keener v. Dayton Elec. Mfg. Co., 445 S.W.2d 362, 364 (Mo.1969). In the comments that follow this section in the Restatement of the Law of Torts, we note in subsection (f), the rule is interpreted to apply to any person engaged in the business of selling products and further that this class is intended to include any manufacturer, wholesaler, retail dealer or distributor of the product. Section (g) states: "The seller is not liable when he delivers the product in a safe condition, and subsequent mishandling or other causes make it harmful by the time it is consumed. The burden of proof that the product was in a defective condition at the time that it left the hands of the particular seller is upon the injured plaintiff; and unless evidence can be produced which will support the conclusion that it was then defective, the burden is not sustained." As Dean William L. Prosser, one of the foremost authorities in this area of the law, has stated: "When on the evidence it appears equally probable that the defect has developed in the hands of the dealer, the plaintiff has not made out a case of strict liability, or even negligence, against any prior party." Strict Liability to the Consumer, 18 Hastings L.J. 9, 55 (1966). From the foregoing one can only conclude that, depending upon the evidence, the issue of liability may be cast against either a manufacturer or a dealer, or both. This is a factual issue, the determination of which is left to the jury to decide. Being an essential fact issue, it is a matter that must be incorporated in the hypothesis of other facts that are submitted to the jury in the verdict directing instruction as to each defendant. The jury is, of course, at liberty to believe or disbelieve

any of the oral evidence which is submitted to it; and while it might conclude that on one hand a defendant manufacturer did not release the product in a defective condition, on the other it might believe that a defendant dealer did release the product to the user or consumer in a defective condition. Such is the situation here and follows what we said in Williams v. Ford Motor Co., *supra*, 411 S.W.2d 1. c. 450, when we held that the circumstances shown in evidence were enough to raise an inference that the defect which existed at the time of the collision existed when Ford delivered the Thunderbird to McMahon. Likewise, an inference could be raised that the defect in this case existed only at the time the car was delivered by McMahon to Mrs. Williams. As further stated at that time, these inferences were for the jury and not the court, and there was a distinction between the liability of Ford and the liability of McMahon.

Defendant McMahon has rested its case principally on decisions in California. Vandermark v. Ford Motor Co., 61 Cal.2d 256, 37 Cal.Rptr. 896, 391 P.2d 168 (1964), is cited in support of the contention that only one instruction should be submitted as to the liability of the manufacturer and retailer. In *Williams I*, this case was distinguished from the case at bar and we there interpreted *Vandermark* to have adopted the theory of agency based upon evidence that the manufacturer there delegated to its dealer the authority to make final inspections, corrections, and adjustments necessary to make the car ready for use. We have found no evidence to support that conclusion in the case before us; nor has counsel indicated such state of facts to be in the evidence before us. Furthermore, in *Vandermark* the court stated: "Strict liability on the manufacturer and retailer alike affords maximum protection to the injured plaintiff and works no injustice to the defendants, for they can adjust the costs of such protection between them in the course of their continuing business

relationship." *Vandermark*, supra, 37 Cal. Rptr., 1. c. 900, 391 P.2d 1. c. 172.

California cases following *Vandermark* have approved instructions running jointly against the manufacturer and retailer. In Barth v. B. F. Goodrich Tire Company, 265 Cal.App.2d 228, 71 Cal.Rptr. 306, 315 (1968), the court found no error in the following instruction: "You are instructed that manufacturer and seller are strictly liable when an article they place on the market, knowing that it is to be used without inspection for defects, has at that time a defect that causes injury to a human being." Similarly, in Gherna v. Ford Motor Company, 246 Cal.App.2d 639, 55 Cal.Rptr. 94, 101 (1966), the court noted: " * * * the strict liability of a manufacturer and his retailer are established when the plaintiff proves that he was injured while using the instrumentality in a way it was intended to be used as a result of a defect in design and manufacture of which plaintiff was not aware and which made the vehicle unsafe for its intended use."

It does not appear, however, as contended by appellant, that the Restatement of the Law of Torts (2d), § 402A, mandates the California policy of imposing joint liability upon the manufacturer and the dealer because "they can adjust the costs of such protection between them in the course of their continuing business relationship." This is a California doctrine developed in that state. As such, it is not persuasive here. We have heretofore indicated that § 402A and the comments which follow it do not authorize the imposition of liability on a manufacturer when he delivers the product in a safe condition, and subsequent mishandling by one not an agent of the manufacturer or other causes make the product defective when it is placed in the hands of a user or consumer. The burden is upon the plaintiff to prove the defective condition which, of course, may be proven by circumstantial evidence. Lifritz v. Sears Roebuck & Co., 472 S.W. 2d 28, 31[6, 7] (Mo.App.1971). Here

plaintiff has the burden of proof as to each defendant. Under our jury system, a jury may find against a party on his own uncontradicted and unimpeached oral evidence. Staten v. Rose's Estate, 435 S.W. 2d 679, 683[2] (Mo.1969). Under the facts of this case, it was therefore incumbent upon the plaintiff in carrying her burden of proof to cause the jury to believe that each of the defendants released the car in a defective condition and was therefore liable for her injury.

We have not wanted to foreclose defendant McMahon from urging its appeal on the merits of its contention and so we have met this contention. But there is an answer to its contention that is more valid as a legal reason to deny this defendant's appeal. When the evidence on a second appeal is substantially the same as that on the first appeal, all of the matters, questions, points or issues adjudicated on the prior appeal are the law of the case on subsequent appeal and will not be considered or readjudicated therein. Exceptions to this rule are applicable when the pleadings have been amended to introduce new issues, or when the evidence on retrial is substantially different from the evidence on the important questions considered at the former hearing. Neither does the rule apply where the first opinion was based on a mistaken fact or resulted in a manifest injustice to the parties. Williams v. Ford Motor Co., *supra*, 454 S.W.2d 611, 614 [2, 4, 5] (Mo.App.1970). The question of proper instructions to be given to the jury in a case brought against a manufacturer and retailer under the strict liability doctrine was previously answered in the first appeal in this case. Our ruling there with respect to the propriety of separate instructions against the manufacturer and retailer became the law of the case and governs the appeal here unless an exception to the rule is found to exist. The defendant McMahon has failed to establish that an exception exists and that the law of the case doctrine should not be applied here. We have found none. Therefore, the current appeal is controlled by the law of the case set forth in our opinion following the first appeal.

The judgment below is affirmed.

DOWD, C. J., and CLEMENS and McMILLIAN, JJ., concur.