**Kathleen CLARK, pro ami, Respondent,**

v.

**Richard Lee FORD, Appellant.**

**No. 57295.**

Supreme Court of Missouri,
Division No. 1.

Sept. 10, 1973.

Utz, Litvak, Thackery, Utz & Taylor, St. Joseph, for respondent.

Griffin & Griffin, Cameron, and Miller & O'Laughlin, George T. O'Laughlin, Kansas City, for appellant.

HIGGINS, Commissioner.

Appeal (taken prior to January 1, 1972) from order setting aside judgment based on verdict for defendant, entering judgment for plaintiff on issue of liability, and awarding plaintiff a new trial on the issue of damages alone in plaintiff's action for $34,000 damages for personal injuries.

Respondent has moved (I) for dismissal of this appeal asserting appellant's brief fails to comply with Rule 84.04(c), V.A. M.R. The motion is overruled without discussion.

On October 17, 1967, at approximately 3:40 p.m., Kathleen Clark, then eight days less than four years of age, was struck by a 1964 Ford automobile driven by Richard E. Ford, then sixteen years of age. At the time of collision plaintiff was running from the west side to the east side of South Chestnut Street in Cameron, Missouri. Defendant was southbound on South Chestnut Street. South Chestnut runs generally north and south from the center of Cameron past the Cameron High School. The area along the street for several blocks to the north of the school is occupied by residential and school or school activity properties. Plaintiff was struck by the left front corner of defendant's automobile; the point of impact was just west of the center of South Chestnut Street. Plaintiff sustained injuries as a result of the collision.

Plaintiff adduced her evidence from plats and pictures of the area, the testimony of plaintiff's parents, an engineer, an accident reconstruction expert, and portions of the deposition of defendant. Defendant adduced additional evidence by his own testimony and that of his passenger, of a lady working in a nearby yard, and of a northbound motorist.

Plaintiff's case was submitted on assignments of negligence by way of excessive speed and failure to keep a careful lookout. Appellant does not question the sufficiency of evidence to support the submission, nor does he question the submission itself which is in the form of MAI 17.02.

Following the jury verdict and judgment for defendant, plaintiff timely filed her after-trial motion "to set aside the judgment entered upon the verdict * * * in favor of defendant, and to enter judgment for plaintiff on the issue of liability and order a new trial on damages alone, or, in the alternative, to grant a new trial to plaintiff on all issues, for the following reasons [among others] :

"1. The verdict for defendant was clearly against the weight of the evidence in that the evidence clearly shows that defendant was driving at an excessive rate of speed. [Here follow several paragraphs detailing and arguing the weight of the evidence on the issue of speed.]

"2. The verdict for defendant was unequivocally against the weight of all of the evidence * * * in that all of the evidence overwhelmingly shows that defendant failed to keep a proper and vigilant lookout ahead and laterally * * * for plaintiff * * * . [Here follow several paragraphs detailing and arguing the weight of the evidence on the issue of lookout.]"

In due time the following entry was made : "The Court sustains plaintiff's Motion to the extent that judgment for the defendant is hereby set aside and judgment entered for plaintiff against defendant on the issue of liability and a new trial ordered on the question of damages only on the grounds that: (1) The verdict for defendant was against the weight of the evidence (first two points of Plaintiff's Motion), and, (2) Plaintiff is entitled to judgment against defendant on the issue of liability notwithstanding the verdict for the reasons that defendant, as a matter of law under the facts of this case, failed to keep a careful lookout and drove at an excessive speed * * * ."

Appellant contends the court erred (I) in its order because : (A) The testimonial evidence on the liability issue was not sufficient to require a belief by the jury as a matter of law on the issues of negligence and causation upon which plaintiff had the burden of proof; (B) the order deprived defendant of his right to jury trial on the issues of speed, lookout and proximate cause; (C) the order usurped the functions of the jury on the issues of negligence and causation; (D) the order imposed the risk of nonpersuasion on defendant on the issues of negligence and causation; (E) plaintiff, by failing to file a motion for directed verdict at the close of the evidence (and by securing instructions

submitting her case on issues of negligence) conceded as a matter of law the presence of fact issues for the jury.

Appellant charges further error to the court's order (II) because: (A) It constituted a ruling on the issue of his liability as a matter of law on nondiscretionary grounds; (B) its adoption of specific paragraphs of the motion exceeded the discretion to grant a new trial on the ground the verdict was against the weight of the evidence; (C) the court abused its discretion; (D) it included an affirmative judgment against defendant on the issues of liability and causation, thus depriving defendant of his right to jury trial.

Respondent asserts (II) that the court did not err in its order because: (A) Plaintiff was entitled to a directed verdict on the issue of liability and a new trial on damages alone for the reason there is no dispute of the basic facts, supported by uncontradicted evidence, including that of defendant's witnesses, which establish plaintiff's case; (B) and (D) defendant was negligent as a matter of law in failing to keep a lookout and driving at an excessive speed; (C) and (E) such negligence was the direct and proximate cause of plaintiff's injuries; (F) plaintiff's failure to file a motion for directed verdict on the issue of liability did not deprive the court of jurisdiction to make its order.

Respondent asserts further support for the court's order contending the court did not err (III) because: (A) When properly construed, the order is for a new trial on damages alone by reason of defendant's negligence as a matter of law or, in the alternative, a new trial on all issues for the reason the verdict is against the weight of the evidence; (B) the order, in granting a new trial on the ground the verdict was against the weight of the evidence, is a matter within the court's discretion, and, in the event the court's order awarding a new trial on damages alone is not affirmed, then the case should be remanded for a new trial on all issues.

Appellant replies to respondent's Point III contending plaintiff was not entitled to either a directed verdict on liability and a new trial on damages alone or to a new trial on all issues because: (A) The issues of negligence and causation were for the jury; (B) the order erroneously attempted to substitute the court's belief on the facts for that of the jury as a matter of law on nondiscretionary grounds.

The answer to all these contentions lies in a construction of the trial court's order.

■ The order shows that the trial court sustained plaintiff's after-trial motion and set aside the judgment (and verdict) for defendant on the ground the verdict was against the weight of the evidence. This the court could do because there is no question that plaintiff made a submissible case; and the trial court is vested with the discretion to grant one new trial on the ground the verdict and judgment are against the weight of the evidence without interference upon appeal where there is evidence to support a verdict for the party receiving the new trial. Rule 78.01, V.A.M.R.; Overbey v. Fodde, 420 S.W.2d 510, 511[1, 2] (Mo.1967); Clark v. Quality Dairy Company, 400 S.W. 2d 78, 79–83 (Mo.1966).

■ The court's parenthetical reference to the first two points of plaintiff's motion did not, contrary to appellant's contention, destroy the discretionary character of this facet of the court's order as in Lifritz v. Sears, Roebuck and Company, 472 S.W.2d 28, 33 (Mo.App.1971), because the previous quotation of those paragraphs shows that both were assertions that the verdict for defendant was against the weight of the evidence with respect to speed in paragraph 1 and to lookout in paragraph 2.

■ The order shows also the intention of the court to enter judgment for plaintiff and against defendant on the issue of liability and thus limit retrial to the issue of damages only on a finding that defendant, as a matter of law, failed to keep

a careful lookout and drove at an excessive speed. This the court could not do under the evidence in this case because negligence is ordinarily a question for the jury and is always so when different minds might reasonably draw different conclusions from the evidence. See, e.g., Rittgers v. Kansas City Transit Company, 427 SW.2d 294, 298[2] (Mo.App.1968).

Respondent correctly asserts that this general rule is not applicable in "unusual" situations where defendant in his pleadings or by his counsel in open court admits plaintiff's claim or by his evidence also establishes plaintiff's claim or where there is no real dispute of the basic facts supported by uncontradicted testimony essential to a claim or affirmative defense. Rogers v. Thompson, 364 Mo. 605, 265 S.W.2d 282, 287 (1954).

This is not, contrary to respondent's position, the unusual case for application of the exception to the general rule. Except for pictures made shortly before trial, plats constructed for purposes of trial, and ordinances of the City of Cameron, all the evidence on liability was testimonial and it contained, among other things, estimates and opinions which differed between the various witnesses and the discrepancies were for the jury's resolution. The jury was free and had the duty to disregard or believe any or all such testimony under the standard burden-of-proof instruction, MAI 3.01. The jury was also free to find that plaintiff had not met her burden on either negligence or causation. For a similar case in denial of a directed verdict for a "darting child," see Zagarri v. Nichols, 429 S.W.2d 758, 760–761[1–3] (Mo.1968).

In summary, it was proper and within the court's discretion for the court to set aside the verdict and judgment for defendant on the ground the verdict was against the weight of the evidence; and it was error to attempt to limit the new trial to the issue of damages alone on a finding that defendant was negligent as a matter of law under the evidence in this case.

Accordingly, the order is reversed insofar as it limits plaintiff's new trial to the issue of damages, and the cause is remanded for a new trial on all issues.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.