**FOLLMAN PROPERTIES COMPANY, Plaintiff-Appellant,**

v.

**HENTY CONSTRUCTION CO., INC., Defendant-Respondent.**

No. 46950.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 27, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 1984.

Thomas J. Casey, Kenneth Heinz, St. Louis, for plaintiff-appellant.

Daniel J. McAuliffe, Clayton, for defendant-respondent.

REINHARD, Judge.

Plaintiff recovered a jury verdict of $75,000.00 against defendant. The trial court granted defendant's motion for a new trial and plaintiff appeals. We affirm.

On January 25, 1978, Burt Follman, part owner of plaintiff corporation, contacted Joseph Henty, president of the defendant corporation, about constructing a strip shopping center in Des Peres, Missouri, to be called Twin Pines Center. Based upon artists renderings and a site plan prepared by the architects, defendant submitted an oral bid of $198,000.00 to build the center. This was followed by a letter confirming that price on February 14, 1978.

On March 15, 1978, there was a meeting between Henty, Follman and representatives of the architects. At this meeting Follman introduced Henty as a representative of the contractor. On March 28, Henty gave a written revised price of $205,725.00 to plaintiff.

Defendant received a copy of "work set one" construction plans on April 6, 1978. On April 10, 1978, Henty signed the Construction and Disbursing Escrow Agreement for defendant as general contractor. The escrow agreement included a construction contract amount of $205,725.00. Construction "work set two" was transmitted to plaintiff on April 26, 1978 and to defendant shortly thereafter. On April 28 with plaintiff's authorization, Henty executed a purchase agreement with Peerless Iron Works for the structual steel to be used in the shopping center. On May 3, 1978, de-

fendant signed a standard AIA contract with a contract price of $205,725.00 and presented it to Burt Follman for his approval. He did not sign it but returned it to Henty with several alterations.

"Work set three" construction drawings containing more refinements were submitted to plaintiff and defendant on May 15, 1978. On May 19, 1978, defendant submitted a revised AIA form contract to Follman. This contract contained no price. Defendant stated that at that time Follman still wanted to make revisions in the drawing and until the final drawings were completed a final price could not be determined. Construction had not commenced. Soon thereafter, Henty broke off contact with Follman and a written contract between the parties was never signed. Plaintiff selected a new contractor and released defendant from the escrow contract. The new contractor built the shopping center for $322,095.00.

Plaintiff filed this action against defendant on the basis of a breach of an implied contract to construct the Twin Pines Shopping Center. A contractual relationship may be established without a written contract where the circumstances and the acts and conduct of the parties support a reasonable inference of a mutual understanding and agreement that one party perform and that the other party compensate for such performance. *Freshour v. Schuererberg,* 495 S.W.2d 116, 119 (Mo.App.1973). The agreement between the parties arises from their intention, implied or presumed from their acts, where there are circumstances which, according to the ordinary course of dealing and the common understanding of men, show a mutual intent to contract. *Kosher Zion Sausage Co. of Chicago v. Rodman's, Inc.,* 442 S.W.2d 543, 546 (Mo.App.1969). Defendant in its answer asserted that its actions were only in preparation for a proposal for a contract and that all of the elements and terms of the agreement had not been determined.

After the jury returned a verdict for plaintiff, the trial court granted defendant's motion for a new trial. The parties vigorously dispute the intent and meaning of the order so it is set forth below:

Defendant's Motion for a New Trial is sustained on the ground that the verdict is against the weight of the evidence for the reasons stated in Paragraph 4, of the Defendant's Motion for Judgment Notwithstanding the Verdict, or, in the alternative, its motion for a New Trial.

Paragraph 4 of Defendant's Motion for New Trial referred to in the Court's Order states as follows:

4. Because the verdict is against the weight of the evidence for the following reasons:

a. Because evidence of a subcontract between Defendant and a subcontractor is not evidence of an agreement between Plaintiff and Defendant when the subcontract was entered only after obtaining written authorization to do so from the plaintiff.

b. Because evidence of the Defendant's silence while being referred to as the contractor on the project in question is not evidence of or a manifestation of intent to contract with Plaintiff.

c. Because the parties hereto contemplated a written agreement to govern their rights and obligations.

d. Because Defendant, by submitting formal offers to Plaintiff, indicated his intent to be bound only by the terms of those offers.

Defendant asserts the trial court's order granted a new trial on the basis the verdict is against the weight of the evidence, a discretionary ground with only limited appellate review. Plaintiff contends, however, that the incorporation of the four grounds mentioned in defendant's motion converts the grant of a new trial into a nondiscretionary one.

We, of course, are not bound by the construction either party places on the order, but must make our own independent interpretation. *Kammerer v. Cella,* 585 S.W.2d 552, 555 (Mo.App.1979).

It is well settled that an appellate court will not interfere with the grant of one new trial on the ground the verdict is against the weight of the evidence. *Clark v. Ford,* 498 S.W.2d 803, 805 (Mo.1973). It is equally settled that a non-discretionary grant of a new trial when based on multiple grounds, is only proper if at least one of the grounds is valid. *Kuzuf v. Gebhardt,* 602 S.W.2d 446, 449 (Mo. banc 1980).

Plaintiff principally relies on *Lifritz v. Sears, Roebuck & Co.,* 472 S.W.2d 28 (Mo. App.1971) in support of its contention. There the reasons set forth in the motion for new trial when combined clearly established the new trial was granted because plaintiff failed to make a submissible case and not because the verdict was against the weight of the evidence. Plaintiff argues that by incorporating grounds (a) and (b) of defendant's motion into the order, the trial court held that it erred in allowing the admission of Henty's conduct into evidence, a non-discretionary ground for the grant of a new trial. He also asserts that reasons (c) and (d) constitute non-discretionary grounds for granting a new trial citing *Hunt v. Dallmeyer,* 517 S.W.2d 720 (Mo. App.1974) and *Kopff v. Deves,* 324 S.W.2d 768 (Mo.App.1959).

While there is ambiguity in the trial court's order and the practice of incorporating the grounds of the motion into the order has been long criticized, nonetheless, we have concluded that this did not destroy the discretionary character of the order. *Clark v. Ford,* 498 S.W.2d 803 (Mo.1973); *Fischer v. Famous-Barr Co.,* 646 S.W.2d 819 (Mo.App.1982); *Kammerer v. Cella,* 585 S.W.2d 552, 555 (Mo.App.1979).

Plaintiff clearly made a submissible case on its claim for the jury and the trial court in its order did not hold otherwise. When the order is read in its entirety, it is apparent the court neither ruled defendant's conduct was inadmissible nor that the parties' conduct as a matter of law entitled defendant to judgment; but rather the court itself *weighed* the evidence and concluded the conduct and actions of the parties, particularly the defendant's, did not establish a mutual intent to contract. If the court did not believe from the evidence there was a mutual intent to contract then it was entitled to grant the defendant a new trial on the ground the verdict was against the weight of the evidence. We find no merit to plaintiff's point.

Affirmed.

KAROHL, P.J., and CRANDALL, J., concur.