**Glen C. SCHOMBURG, Plaintiff,**

v.

**THE MISSOURI BAR, Defendant.**

No. 88–2120–C (4).

United States District Court,
E.D. Missouri, E.D.

Feb. 21, 1990.

Emil L. Poertner, Union, Mo., for plaintiff.

William C. Martucci, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

CAHILL, District Judge.

This matter comes before the Court on defendant's motion for summary judgment on counts I and II of plaintiff's complaint.

Plaintiff brings his cause of action pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), as codified at 29 U.S.C. §§ 621–634. Plaintiff alleges, in count I, that defendant demoted him and reduced his salary because of his age. In count II of his complaint plaintiff alleges that these actions by defendant were in breach of an employment contract.

*Motion for Summary Judgment on Count I.*

In support of his motion for summary judgment on count I, defendant argues that plaintiff's demotion and salary reduction were due to plaintiff's unsatisfactory performance and not his age. It is defendant's position that plaintiff's salary reduction and demotion were based on legitimate nondiscriminatory reasons.

In opposition to defendant's motion, plaintiff argues that he has established a

prima facie case of age discrimination. Plaintiff argues that the reasons which defendant set forth for plaintiff's demotion and salary reduction are a pretext and the reason he was demoted was because of his age.

Summary judgment should be granted only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). *See also Buford v. Tremayne*, 747 F.2d 445 (8th Cir.1984). In determining whether a factual issue exists, all evidence must be considered in the light most favorable to the nonmoving party. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525 (11th Cir.1987).

■■■ Under ADEA a plaintiff establishes a prima facie case by proof that: (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was dismissed despite being qualified; (4) he was replaced by a person sufficiently younger. *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 897 (3d Cir.1987). Plaintiff's complaint sets forth the elements required for a prima facie case of age discrimination under ADEA. A prima facie case of age discrimination raises an inference of discrimination and the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its actions. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).

Defendant alleges in its answer and interrogatories that plaintiff was demoted due to plaintiff's unsatisfactory performance. A genuine issue of material fact exists as to whether defendant's proffered reason for plaintiff's demotion is a pretext for age discrimination.

Defendant also argues that plaintiff admitted in his deposition that he had not been treated any differently on the basis of his age. This is only a segment of the deposition. Under Fed.R.Civ.P. 56(c) the record must be viewed as a whole. In viewing the record as a whole, plaintiff consistently alleges he was treated differently on the basis of his age.

Consequently, this Court will deny defendant's motion for summary judgment on count I.

*Motion for Summary Judgment on Count II.*

As support for its motion on count II, defendant argues that the plaintiff has failed to establish an exception to the employment-at-will doctrine. It is defendant's position that the employment-at-will doctrine permits defendant's actions since there was no express agreement to the contrary.

In opposition to defendant's motion, plaintiff argues that the employment-at-will doctrine is inapplicable. It is plaintiff's position that plaintiff and defendant had an agreement whereby plaintiff would not be demoted nor his salary reduced. Plaintiff relies on a confirmation letter, other correspondence, and the actions of the parties to establish the terms of the agreement. Plaintiff argues that the confirmation letter sent to plaintiff by defendant along with other evidence establishes an employment contract between the parties. The confirmation letter confirms that defendant offered plaintiff the position of Director of Education and plaintiff accepted the position.

■■■ It is undisputed that the defendant offered plaintiff the position of Director of Education and plaintiff accepted this position. What is disputed is whether there was an agreement between the parties that plaintiff would remain Director of Education until retirement and receive annual pay increases.

"A contractual relationship may be established without a written contract where circumstances and acts and conduct of the parties support a reasonable inference of mutual understanding and agreement that one party perform and the other party compensate for such performance." *Follman Properties Co. v. Henty Const. Co., Inc.*, 664 S.W.2d 248 (Mo.App.1983). Although plaintiff admits that no document exists between the parties labeled contract, employment agreement, or employment contract, this does not preclude the finding of an agreement.

Plaintiff relies on oral statements made by the former director of The Missouri Bar. According to plaintiff's affidavit the former director expressed that it was his intent that plaintiff would serve as Director of Education until retirement and plaintiff would receive annual pay increases. An issue of material fact exists as to whether this oral statement, the confirmation letter, and the behavior of the parties leads to a reasonable inference that there was an agreement between plaintiff and defendant whereby plaintiff was to be employed as Director of Education until his retirement and receive annual pay increases. Therefore, defendant's motion for summary judgment on count II also will be denied. For the above reasons,

IT IS HEREBY ORDERED that defendant's motion for summary judgment on count I is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment on count II is denied.