747 F.2d 445
 Winston V. BUFORD, Appellant,
v.
Bertram W. TREMAYNE; P. Pierre Dominique; Wade F. Baker;
Martin Schiff; O.J. Taylor; William Y. Frick; Judge
Joseph Stevens, Jr; Judge John R. Gibson; Judge Robert G.
Dowd; Judge Warren Welliver; Judge Albert Rendlen; James
Smith; Dee Wampler; Steven Shepard; Gale Baldwin;
Springfield Newspapers, Inc., Appellees.
 Nos. 84-1385, 84-1906.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 17, 1984.
Decided Oct. 30, 1984.
As Modified Nov. 6, 1984.
 
 Winston V. Buford, Eminence, Mo., for appellant.
 Alex Bartlett, Jefferson City, Mo., and Robert M. Kroenert, Kansas City, Mo., for appellees.
 Before HEANEY, BRIGHT and ROSS, Circuit Judges.
 HEANEY, Circuit Judge.
 
 
 1
 Winston V. Buford, former circuit court judge for the 37th Judicial Circuit of Missouri, appeals from the district court's[1] final order granting summary judgment and dismissing his civil rights action under 42 U.S.C. Sec. 1983 and pendent state law claims against two Missouri Supreme Court Justices, the Chairman of the Missouri Commission on Retirement, Removal, and Discipline of Judges (Commission), the Commission's appointed prosecutors, members of the Executive Committee of the Board of Governors of the Missouri Bar Association, Springfield Newspapers, Inc. (Springfield), and one of Springfield's reporters. For reversal, Buford argues that the district court erred in finding that (1) there was insufficient evidence of a conspiracy to create a genuine issue against Springfield and its reporter, (2) the complaint against the remaining defendants was barred by the statute of limitations, (3) the Missouri Supreme Court Justices were entitled to absolute judicial immunity, and (4) the remaining defendants were entitled to quasi-judicial immunity. Buford also appeals the district court's order awarding attorneys' fees to the defendants. We affirm.
 
 
 2
 The Commission charged Buford with judicial misconduct. After a disciplinary proceeding, the Missouri Supreme Court suspended Buford for thirty days and denied his petition for rehearing on March 16, 1979. See In re Buford, 577 S.W.2d 809, 840 (Mo.1979) (en banc). Buford instituted this civil rights action in district court on March 16, 1983, alleging that the state officials involved in the disciplinary proceedings and the press had conspired to remove him from office. The district court granted summary judgment in favor of Springfield and its employer and ruled that the conspiracy claim against the various state officials was barred by the statute of limitations. The district court also held that the state officials were immune from prosecution under 42 U.S.C. Sec. 1983.
 
 
 3
 I. SUMMARY JUDGMENT.
 
 
 4
 Buford alleged that the Commission and its special prosecutors conspired with Springfield and its reporter to cause "widespread circulation of [the] charges, intending to inflame the public and the highest officers in the State of Missouri." Springfield and its reporter moved to dismiss the action against them for failure to state a claim. When Buford requested that the court consider his affidavit in ruling on Springfield's motion, the district court converted the motion to dismiss to a motion for summary judgment under Fed.R.Civ.P. 56, see, Fed.R.Civ.P. 12(b), and granted the parties additional time to file affidavits. Springfield's reporter filed an affidavit stating that he "tried to interview representatives of the judicial commission, its staff and attorneys but they declined to comment or even to confirm that an investigation was under way." The district court found no issue of material fact concerning conspiracy, and granted summary judgment in favor of Springfield and its reporter.
 
 
 5
 The district court's grant of summary judgment was proper. Summary judgment is appropriate when no genuine issue of material fact is present in the case and judgment should be awarded to the movant as a matter of law. Percival v. General Motors Corp., 539 F.2d 1126, 1129 (8th Cir.1976). Because of the drastic nature of the summary judgment remedy, this Court has repeatedly emphasized that it should not be granted unless the moving party has established the right to a judgment with such clarity that there is no room for controversy. Jewson v. Mayo Clinic, 691 F.2d 405, 408 (8th Cir.1982); Snell v. United States, 680 F.2d 545, 547 (8th Cir.), cert. denied, 459 U.S. 989, 103 S.Ct. 344, 74 L.Ed.2d 384 (1982); Jackson v. Star Sprinkler Corp., 575 F.2d 1223, 1226 (8th Cir.1978). On appeal, the non-movant must be given the benefit of every doubt and every favorable inference that may be drawn from the evidence. Bryan v. Aetna Casualty & Surety Co., 381 F.2d 872, 875 (8th Cir.1967).
 
 
 6
 However, parties opposing summary judgment motions may not rest upon the allegations in their pleadings. The non-movant must resist the motion by setting forth specific facts showing there is a genuine issue of fact for trial. Fed.R.Civ.P. 56(e); Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir.1981). A review of the record as a whole, including the affidavits and motions, shows that Springfield's reporter acted only in his professional capacity as a reporter, and negates any inferences of conspiracy or conspiratorial motives. Buford's affidavits presented no facts or circumstances supporting his bare allegations of conspiracy. We thus affirm the district court in its determination that summary judgment was proper.
 
 
 7
 II. STATUTE OF LIMITATIONS.
 
 
 8
 Buford contends that the district court erred in ruling that his Sec. 1983 action against the state officials was barred by the statute of limitations. In analyzing this issue, we determine which statute of limitations applies and when it begins to run.
 
 
 9
 Because Congress did not prescribe a specific statute of limitations period for actions brought under Sec. 1983, the controlling limitation period for a Sec. 1983 action is the most appropriate period provided by state law. Johnson v. Railway Express Agency, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975); Foster v. Armontrout, 729 F.2d 583, 584 (8th Cir.1984). Missouri law provides a three year limitations period for "[a]n action against a sheriff, coroner, or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office * * *." Mo.Rev.Stat. Sec. 516.130(1) (1978). We have held that this statute applies "to any action against a sheriff, coroner, or other officer acting in his or her official capacity." Foster v. Armontrout, supra, 729 F.2d at 585 (emphasis in original). Therefore, we hold that the district court properly applied the three year statute of limitations.
 
 
 10
 We also hold that the district court properly determined when the statute of limitations began to run. In a conspiracy action, the statute of limitations begins to run from the occurrence of the last overt act resulting in damage to the plaintiff. Fiswick v. United States, 329 U.S. 211, 216, 67 S.Ct. 224, 227, 91 L.Ed. 196 (1946); White v. Bloom, 621 F.2d 276, 281 (8th Cir.1980), Citing Rippe v. Sutter, 292 S.W.2d 86, 90 (Mo.1956). Buford alleged that a conspiracy continued through the summer of 1982; however, he presented no evidence to support this allegation. The district court found that if there were a conspiracy, it was completed when the Missouri Supreme Court denied the motion for rehearing. We agree. No allegation in the record supports a conclusion of a continuing conspiracy through the summer of 1982. The last overt act allegedly occurred on March 16, 1979, when the Missouri Supreme Court denied a motion for rehearing. In re Buford, 577 S.W.2d 809 (Mo.1979) (en banc). Because Buford did not bring this action until March 16, 1983, four years after the disciplinary proceedings against him had ended, we hold that this action was time barred.[2]
 
 
 11
 Our resolution of these issues makes it unnecessary for us to discuss Buford's claims concerning immunity. Accordingly, the judgment of the district court is affirmed.
 
 
 12
 III. ATTORNEYS' FEES.
 
 
 13
 The district court found that Buford's lawsuit was vexatious and frivolous, and brought in bad faith. It therefore awarded the defendants attorneys' fees and expenses totaling $15,563.08.
 
 
 14
 We believe that the district court acted within its discretion in awarding attorneys' fees and expenses under 42 U.S.C. Sec. 1988. As we noted in American Family Life Assur. Co. v. Teasdale, 733 F.2d 559, 569 (8th Cir.1984), a prevailing defendant in a section 1983 action may recover attorneys' fees where the suit is "frivolous, unfounded, and vexatiously brought and pursued." See also Hensley v. Eckerhart, 461 U.S. 424, 429 n. 2, 103 S.Ct. 1933, 1937 n. 2, 76 L.Ed.2d 40, 48 n. 2 (1983); Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). When a suit has been initiated in bad faith, there is an additional ground for awarding attorneys' fees to defendants. American Family Life Assur. Co. v. Teasdale, 733 F.2d at 569. In this case, the district court found that Buford "failed to produce even a scintilla of evidence to support his broad and conclusory allegations of a widespread conspiracy." It also found that Buford "was more interested in harassing those persons he deemed responsible than vindicating his rights in a bona fide lawsuit."
 
 
 15
 After reviewing the briefs and record, we cannot say that the district court abused its discretion in awarding attorneys' fees to defendants. Buford does not contest the amount of the award. We therefore affirm the district court's order of attorneys' fees and expenses.
 
 
 
 [1]
 The Honorable Earl E. O'Connor, Chief Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 Because no federal claims remained to support federal jurisdiction, the district court correctly dismissed the pendent state claims. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)