776 F.2d 241
 11 Soc.Sec.Rep.Ser. 206, Medicare&Medicaid Gu 34,993
Jeanne MEYERS, by her next friend, Helen WALDEN, Appellee,
v.
Michael V. REAGAN and Donald Kassar, Appellants.
Jeanne MEYERS, by her next friend, Helen WALDEN, Appellant,
v.
Michael V. REAGAN and Donald Kassar, Appellees.
 Nos. 85-1070, 85-1071.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 11, 1985.
Decided Nov. 4, 1985.
 
 Eleanor E. Lynn, Des Moines, Iowa, for the appellant.
 Thomas Krause, Sioux City, Iowa, for the appellee.
 Before McMILLIAN and FAGG, Circuit Judges, and WOODS,* District Judge.
 FAGG, Circuit Judge.
 
 
 1
 Michael Reagan is the Commissioner of the Iowa Department of Human Services (Department). At the time the complaint was filed, Donald Kassar was the Chief of the Department's Bureau of Medical Services. The Department is responsible for the administration of the Medicaid program within the state. Reagan and Kassar appeal from the district court's order of summary judgment requiring them to furnish an electronic speech device for a Medicaid recipient, Jeanne Meyers. Meyers cross-appeals from the district court's refusal to require Reagan and Kassar to furnish Meyers a more sophisticated speech device. We reverse the district court's order of summary judgment because we find that a factual issue remains regarding which speech device is appropriate for Meyers under Iowa's Medicaid plan.
 
 
 2
 Jeanne Meyers is a mentally retarded adult with a speech handicap who lives at a residential care facility in Iowa. She is a recipient of federal supplemental security income which entitles her to benefits under Iowa's Medicaid program. See 42 U.S.C. Sec. 1396a(a)(10)(A)(i); 42 C.F.R. Sec. 435.120; Iowa Code Sec. 249A.3(1)(a). Upon the recommendation of a speech pathologist, Meyers' doctor prescribed for Meyers a HandiVoice 110, an electronic device that transmits speech. Meyers requested that the Department furnish the device under the state's Medicaid program. The Department denied the request on the basis that electronic speech devices are not covered under the state's program.
 
 
 3
 Meyers then brought this action claiming that her statutory right to Medicaid benefits had been violated. After a more expensive device, the Vois Model 130, with additional features became available on the market, Meyers amended her complaint requesting that the court, in the alternative, order that Reagan and Kassar furnish her with a Vois Model 130. Meyers then filed a motion for summary judgment.
 
 
 4
 Attached to her motion were affidavits from her physician and speech pathologist expressing their beliefs that an electronic speech device is a necessary and reasonable form of treatment for Meyers' condition. Reagan and Kassar resisted the motion, claiming that there were genuine issues of material fact yet to be resolved. They submitted an affidavit of Donald Herman, the current Chief of the Bureau of Medical Services, who stated that a less expensive and sophisticated speech device such as the Vocaid could adequately meet Meyers' needs and that the Department would furnish a device in the price range of the Vocaid.
 
 
 5
 Upon granting Meyers' motion for summary judgment, the district court enjoined Reagan and Kassar from denying coverage of all electronic speech devices under Iowa's Medicaid plan and ordered them to pay the costs for the HandiVoice 110. In an amended judgment, the court denied Meyers' request for the Vois Model 130 holding that "the additional functions of the Vois Model 130 substantially exceed the requirements of [Meyers'] present condition." The court did not discuss whether the Vocaid was sufficient to meet Meyers' needs.
 
 
 6
 Medicaid is a program of federal assistance designed to help participating states provide medical assistance to needy persons. Harris v. McRae, 448 U.S. 297, 301, 100 S.Ct. 2671, 2680, 65 L.Ed.2d 784 (1980). The primary goal of Medicaid is to provide medical assistance to these individuals and to furnish them with rehabilitation and other services to help them "attain or retain capability for independence or self-care." 42 U.S.C. Sec. 1396. To achieve this goal, Congress requires participating states to provide financial assistance in a number of general categories of medical treatment. 42 U.S.C. Secs. 1396a(a)(10)(A), 1396d(a)(1)-(5), (17). The participating state may also elect to provide other optional medical services listed in Title XIX of the Social Security Act. See 42 U.S.C. Sec. 1396d(a)(6)-(16), (18).
 
 
 7
 Iowa's Medicaid plan includes the optional service of "physical therapy and related services." 42 U.S.C. Sec. 1396d(a)(11); Iowa Code Sec. 249A.2(6). "Related services" includes professional assistance for individuals with speech, hearing, and language disorders. See 42 C.F.R. Sec. 440.110(c)(1). A recipient with a speech disorder is entitled to "diagnostic, screening, preventive, or corrective services provided by or under the direction of a speech pathologist * * *, for which a patient is referred by a physician. It includes any necessary supplies and equipment." Id.
 
 
 8
 Reagan and Kassar argue that because a state has broad discretion in determining the extent of medical services it offers under its Medicaid plan, see Beal v. Doe, 432 U.S. 438, 444, 97 S.Ct. 2366, 2370, 53 L.Ed.2d 464 (1977), Iowa could properly exclude electronic speech devices from coverage under its plan. We disagree. Once Iowa chose to offer "physical therapy and related services," it bound itself to act in compliance with Title XIX of the Social Security Act and the applicable regulations in the implementation of those services. See Eder v. Beal, 609 F.2d 695, 702 (3d Cir.1979) ("[O]nce a state elects to participate in an 'optional' program, it becomes bound by the federal regulations which govern it."). The applicable regulation provides that Meyers is entitled to equipment provided by or under the direction of a speech pathologist that is necessary to correct her speech disorder. 42 C.F.R. Sec. 440.110(c)(1). Thus Iowa cannot arbitrarily exclude electronic speech devices from coverage under its Medicaid program.
 
 
 9
 We turn now to the propriety of the district court's grant of Meyers' motion for summary judgment. Summary judgment should only be granted when no genuine issue of material fact is presented, and the moving party is entitled to judgment as a matter of law. Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir.1984). Because summary judgment is a drastic remedy, it should not be granted "unless the moving party has established the right to a judgment with such clarity that there is no room for controversy." Id. Therefore, on appeal we must give the nonmoving party the benefit of all favorable inferences that can reasonably be drawn from the evidence. Id.
 
 
 10
 From a review of the record, we can find no dispute regarding Meyers' need for a speech device. Both Meyers' treating physician and her speech pathologist stated by affidavit that she needed a speech device to enable her to communicate effectively. Reagan and Kassar submitted no affidavits to the contrary. Indeed, they have offered to furnish a speech device in the price range of the Vocaid. Hence, we conclude that the district court properly held that Meyers is entitled to a speech device under Iowa's Medicaid plan.
 
 
 11
 Reagan and Kassar claim, in the alternative, that the question of which device is appropriate for Meyers is a disputed factual issue. Reagan and Kassar offered to furnish Meyers with a less expensive speech device, the Vocaid. They claim that a device in the price range of the Vocaid can adequately meet Meyers' basic needs and that the more expensive devices contain features that are beyond her capabilities. On the other hand, Meyers claims that she can utilize the features available on the more sophisticated Vois Model 130, and therefore, it is the most appropriate device for her needs.
 
 
 12
 It is clear from the record that there is a genuine factual issue as to which device is appropriate for Meyers. Hence, the district court committed error when it ruled that Meyers should have the HandiVoice 110.
 
 
 13
 Because there has been no administrative determination by the Department regarding which device is the most compatible with Meyers' needs and capabilities, we conclude that the Department should have the opportunity initially to determine which device is appropriate for Meyers. Accordingly, we reverse the district court's order of summary judgment and remand the case to the district court with instructions to remand the case to the Department for a hearing to determine which speech device should be furnished to Meyers under Iowa's Medicaid plan.
 
 
 
 *
 The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation