**AGRISTOR LEASING, Plaintiff,**

v.

**Herman KRAMER, Jr., and Jo Lynn Kramer, Defendants and Third-Party Plaintiffs,**

v.

**HAWKE & COMPANY HARVESTORE, INC., a Minnesota corporation, A.O. Smith Harvestore Products, Inc., a Delaware corporation, A.O. Smith Corporation, a New York corporation, Third-Party Defendants.**

Civ. No. 4–84–944.

United States District Court,
D. Minnnesota,
Fourth Division.

July 28, 1986.

John Kallestad and Steven Lichtag, Schneider & Kallestad, Willmar, Minn., and

Keith Hanson, Fetterley and Purdy, P.A., Minneapolis, Minn., for defendants and third-party plaintiffs.

Mary Rumsey, Best & Flanagan, Minneapolis, Minn., for third-party defendant A.O. Smith Harvestore Products, Inc.

James Malecki, Gislason, Dosland, Hunter & Malecki, New Ulm, Minn., for third-party defendant Hawke & Co. Harvestore, Inc.

Steven C. Eggiman, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp, & Brennan, Minneapolis, Minn., for third-party defendant A.O. Smith Corp.

DIANA E. MURPHY, District Judge.

AgriStor Leasing (AgriStor) brought this action for damages, a writ of replevin, and attorney's fees and costs against defendants Herman Kramer, Jr. and Jo Lynn Kramer, alleging breach of lease and wrongful retention of property. Defendants counterclaimed, alleging breach of warranty, fraud, negligence and strict liability. The Kramers also brought a third-party complaint against A.O. Smith (Smith), A.O. Smith Harvestore Products, Inc. (AOSHPI), and Hawke and Company Harvestore, Inc. (Hawke) and assert the same allegations as in the counterclaim. They also seek punitive damages and indemnification from the third-party defendants. By Settlement Agreement filed September 12, 1985, AgriStor and the Kramers resolved the dispute between them. By Order dated October 10, 1985, this court dismissed those claims. The matter is now before the court upon the motions of Hawke and AOSHPI for partial summary judgment. Smith has moved for summary judgment as well.

*Background*

Herman Kramer, Jr. and Jo Lynn Kramer are farmers residing at Ellsworth, Minnesota in Rock County. Smith is a New York corporation currently engaged in the manufacture and sale of automotive frames, water heaters, and electric motors. In the late 1940's, Smith began to develop a line of agricultural equipment used to store

animal feed. This equipment was eventually marketed by Smith under the name Harvestore. In 1961, third-party defendant AOSHPI, a Delaware corporation, was incorporated to develop, manufacture, and distribute Harvestore equipment. AOSHPI is a wholly-owned subsidiary of Smith. Hawke is an independent dealership selling, installing and servicing primarily products made by AOSHPI.

This action arises out of the Kramers' purchase of a 20′ by 77′ Harvestore structure. After the Harvestore was erected on June 26, 1979, the Kramers used it to store hay to feed to their animals. They allege that they began to notice problems with the feed stored in the Harvestore structure almost immediately, resulting in less meat production, sick animals, and damaged reproductive functions.

The Kramers brought this third-party action on October 7, 1984, alleging that third-party defendants intentionally and fraudulently sold them a defective product. They further allege that they were induced to purchase the product by misrepresentations about the structure's oxygen-limiting capability. The Kramers claim that oxygen in the structure caused the feed to spoil.

*Discussion*

In passing upon a motion for summary judgment, the court is required to view the facts in a light most favorable to the nonmoving party, and the movant has the burden of establishing that no genuine issue of material fact remains and that the case may be decided as a matter of law. *Williams v. City of St. Louis,* 783 F.2d 114, 115 (8th Cir.1986); *Meyers by Walden v. Reagan,* 776 F.2d 241, 244 (8th Cir.1985). The nonmoving party is entitled to the benefit of all reasonable inferences to be awn from the underlying facts disclosed in pleadings and affidavits. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* — U.S. ——, 106 S.Ct. 1348, 1356–1357, 89 L.Ed.2d 538 (1986); *Kresse v. Home Insur-*

*ance Co.,* 765 F.2d 753, 754 (8th Cir.1985). The nonmoving party may not merely rest upon allegations or denials of the party's pleadings, however, but must set forth specific facts by affidavits or otherwise showing that there is a genuine issue for trial. *One Blue 1977 AMC Jeep v. United States,* 783 F.2d 759, 762 (8th Cir.1986).

*A. Smith's Motion for Summary Judgment*

Smith seeks summary judgment as to all counts of the third-party complaint, arguing that the Kramers have failed to establish the requisite elements for piercing the corporate veil. It asserts that it has no control over the daily operations of Agri-Stor, and that it was not involved in the manufacture, advertising or distribution of the Harvestore product which was sold to the Kramers. Alternatively, Smith adopts the remaining third-party defendants' arguments for summary judgment.

The Kramers have submitted over 50 documents to counter Smith's motion. They assert that these documents show that Smith and AOSHPI share common directors and executive officers, that Smith referred to AOSHPI as a "Products Division" in a 1982 10–K submission to the Securities and Exchange Commission, that Smith's corporate counsel began a policy in 1967 where all advertisements concerning Harvestore products would be sent to his department for review and approval prior to publication, that the advertisements represent that Smith backs the Harvestore silos, and that since 1961 Smith continued to be involved in correcting the Harvestore's design deficiencies.

■ Analyzing these documents in a light most favorable to the Kramers, as the court must do upon this motion, the court finds that the Kramers have alleged specific facts to create a genuine issue of material fact regarding Smith's legal responsibility.[1] The corporate form is not lightly

---

1. Smith referred to this court's opinion in *Agri-Stor Leasing v. Guggisberg,* 617 F.Supp. 902 (D.Minn.1985), to support its contention that dismissal is proper. The *Guggisberg* case is dis-

tinguishable, however. Unlike the Kramers, the Guggisbergs submitted little evidence to support their claim that AOSHPI was an alter-ego of Smith or that it was being operated unjustly.

pierced, under Minnesota law, but the Kramers have presented sufficient evidence to survive a motion for summary judgment.

### B. Strict Liability and Negligence

Third-party defendants argue that *Superwood Corp. v. Siempelkamp Corp.*, 311 N.W.2d 159 (Minn.1981), precludes tort recovery for economic losses arising out of a commercial transaction. They allege that Count I and IV, which allege negligence and strict liability respectively, must therefore be dismissed.

In *AgriStor Leasing v. Guggisberg*, 617 F.Supp. 902 (D.Minn.1985), the court thoroughly considered the application of *Superwood* in an identical context. As in *Guggisberg*, the essence of the Kramers' complaint is that the Harvestore did not perform as expected and they seek to recover resulting losses to their commercial venture. For reasons set forth at length in *Guggisberg*, the court concludes that *Superwood* requires dismissal of the negligence and strict liability claims.

The Kramers seek to avoid the force of *Superwood* by arguing that it has been narrowed by a subsequent decision, *S.J. Groves & Sons Co. v. Aerospatiale Helicopter Corp.*, 374 N.W.2d 431 (Minn. 1985), and only applies where there is equality of bargaining power. They also argue that *Superwood* does not bar the negligent installation or repair of the silo. Nothing in *S.J. Groves and Sons Co.* changes the court's *Superwood* analysis, however. The *Groves* case merely reaffirms the principle that economic losses are compensable in tort only where they arise out of personal injury or damage to other property. 374 N.W.2d at 433. It is also evident that the installation and repair of the Harvestore were matters covered by the agreement between the parties. For these reasons, the claims for negligence and strict liability found in Counts I and IV cannot be maintained.

They failed to carry their burden of demonstrating that genuine issues of material fact existed.

### C. Statute of Limitations

Third-party defendants claim that the four-year limitations period of *Minn. Stat.* § 336.2–725 bars Count III of the Kramers' third-party complaint, the breach of warranty claim. *Minn.Stat.* § 336.2–725 states in pertinent part:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . .

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Since the Harvestore was installed June 26, 1979 and the Kramers' third-party complaint was not filed until October 8, 1984, their breach of warranty claims appears to be barred by this section.

The Kramers, in response, do not argue the future performance exception in the statute; rather, they rely on *Bethesda Lutheran Church v. Twin City Construction Co.*, 356 N.W.2d 344 (Minn.App.1984), to contend that the limitations period is tolled while the third-party defendants attempted to make repairs. *Bethesda Lutheran* is distinguishable on its facts, however. There, the court held that a party which gave "numerous promises to repair" a roof and attempted to cure the problem over the next six years, was estopped from asserting the statute of limitations. Unlike the plaintiff in *Bethesda Lutheran*, the Kramers can show no representations sufficient to form a basis for estoppel. They have not referred to any repair promises made to them by the third-party defendants after

*See* Fed.R.Civ.P. 56(e).

the year-long express warranty to repair expired. Nor have they suggested that any repair which was done was other than routine maintenance work. Upon this record, the court finds that the Kramers simply have not alleged specific facts to create a genuine issue of material fact as to either equitable estoppel or tolling because of repair efforts.

The Kramers also argue that the limitations period is tolled during periods of fraudulent concealment, and that it should not begin to run until they had reason to know of the defect, the damage, and the causal relationship between the two. They have not produced any evidence which shows that the third-party defendants took affirmative action to conceal any defects from them, however. According to their complaint, they began to experience serious problems with the feed almost immediately. Moreover, the language of *Minn.Stat.* § 336.2–725(2) specifically states that a cause of action normally accrues upon tender of delivery, "regardless of the aggrieved party's lack of knowledge of the breach." This outcome differs markedly from that reached under a typical tort statute; the Kramers' reference to personal injury cases are thus inapposite. For these reasons, the court concludes that Count III of the third-party complaint is barred by the statute of limitations and must be denied. Because of this finding, the court need not address the other issues raised by the parties concerning Count III.

### D. Other Issues

Because of the conclusions already reached, AOSHPI's request to dismiss the punitive damage claim, as to all theories of recovery except for fraud, is moot. AOSHPI also seeks an award of attorney's fees under *Minn.Stat.* § 549.21 and Fed.R. Civ.P. 11, contending that the Kramers' attorneys refused to dismiss counts identical to those which have been dismissed by other courts, and time-barred counts. After carefully considering the parties' arguments, the court finds that an award of fees is inappropriate. Good faith argu-

ments can be made on both sides of these issues pending a ruling by the Minnesota appellate courts.

### ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. Third-party defendants' motions for summary judgment on Counts I, III, and IV of the third-party complaint are granted and these counts are dismissed.

2. The motion of A.O. Smith Harvestore Products, Inc. to dismiss Count V except as it relates to fraud is moot.

3. The motion of A.O. Smith Harvestore Products, Inc. for attorney's fees is denied.

4. The motion of A.O. Smith for summary judgment is granted with respect to Counts I, III, and IV, and denied as to all the remaining third-party claims.

LET JUDGMENT BE ENTERED ACCORDINGLY.