**Julie SOKOL, Gail Smith, On behalf of themselves and all Others Similarly Situated, Plaintiffs,**

v.

**Paula V. SMITH, C. Bruce Cornett, Hannelore Fischer, Herbert L. Ford, William F. Ringer, Kevin M. Hare, Phillip F. Farris, Barbara J. Speers, Phillip Senger, as Employees of the State of Missouri, Defendants.**

No. 85–4343–CV–C–5.

United States District Court, W.D. Missouri, C.D.

Sept. 1, 1987.

Julie Levin, Legal Aid of Western Missouri, Kansas City, Mo., for plaintiffs.

Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Pending before the Court are defendants' motion for summary judgment and plaintiffs' cross motion for summary judgment pursuant to Fed.R.Civ.Pro. 56(a) and (b). For the following reasons, this Court grants defendants' motion for summary judgment and denies plaintiffs' cross motion.

### Factual Background

Plaintiff Julie Sokol was employed by William M. Mercer–Meidinger, Inc. from September 1, 1983 to June 29, 1984. During this time period, plaintiff Julie Sokol became pregnant.

On her doctor's advice, plaintiff Julie Sokol took a maternity leave of absence in order to alleviate the physical complications she was experiencing. At this time, Mrs. Sokol's employer granted her a leave of absence subject to the condition that she could return to work after the birth of her baby when the next position became available.

Mrs. Sokol gave notice that she was able to return to work six weeks after the baby was born. At that time, she was advised that no work was available.

Plaintiff Julie Sokol then applied for unemployment compensation to assist her while she was seeking alternative employment. On November 13, 1984, Mrs. Sokol's application for unemployment compensation was denied by defendant Phillip Senger, Deputy of the Division of Employment Security of Missouri. The application was denied because defendants determined that

plaintiff Julie Sokol voluntarily quit her job without good cause attributable to the work or the employer and, therefore, was disqualified under Mo.Rev.Stat. § 288.050.-1(1).

This decision was appealed to the Appeals Tribunal which affirmed the Deputy's determination to deny Mrs. Sokol unemployment compensation. The plaintiff then filed a timely appeal with the Labor and Industrial Relations Commission of Missouri.

Plaintiff Gail Smith was employed by Associated Dry Goods Corp., Stix Baer and Fuller, from November 26, 1981 to November 12, 1982. Mrs. Smith left her job to give birth to her baby. Prior to leaving her job, Mrs. Smith was given oral assurance by her employer that she could return to work after the baby was born. Despite these assurances, however, Mrs. Smith was denied reinstatement when she was able to return to work.

Mrs. Smith applied for unemployment compensation and was disqualified by defendants for having voluntarily quit her job without good cause attributable to the work or the employer pursuant to Mo.Rev. Stat. § 288.050.1(1). Mrs. Smith appealed this disqualification to the Appeals Referee, defendant Kevin M. Hare, who affirmed the denial of benefits. Following this action, Mrs. Smith filed a timely appeal with the Labor and Industrial Relations Commission of Missouri.

### Summary Judgment

Summary judgment is appropriate when no genuine issue of material fact is present and judgment should be awarded to the movant as a matter of law. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir.1984). In making this determination, however, the Court must view the evidence in the light most favorable to the opposing party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Buford*, 747 F.2d at 447. Further, the movant must establish the right to judgment with such clarity that there is little room for controversy. *Keys v. Lutheran Family and Children's Services of Missouri*, 668 F.2d 356, 357 (8th Cir.1981).

The United States Supreme Court has recently held that, "... the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, ——, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). In the case at bar, it is proper to grant the defendant's motion for summary judgment because the plaintiffs have failed to establish the existence of all of the essential elements of their claims. In particular, the plaintiffs have failed to establish that their right to unemployment compensation is a fundamental right protected by the Fourteenth Amendment. Therefore, the defendant's motion for summary judgment is properly granted.

### Substantive Due Process

The Due Process Clause of the Fourteenth Amendment is a means by which the courts can apply strict judicial scrutiny to any action of a state which limits the exercise of a fundamental Constitutional right. The "right to privacy" is an example of such a fundamental right. The United States Supreme Court has recognized this right in several contexts.

For example, in the case of *Griswold v. State of Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), the court found that a Connecticut law forbidding the use of contraceptives interfered with an individual's right to privacy. This fundamental right to privacy has also been held to include rights to freedom of choice in child bearing, *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); child rearing and education, *Pierce v. Society of Sisters*, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925); and decisions relating to marriage, *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).

The plaintiffs allege in their complaint that by denying unemployment compensation to plaintiffs and their class, the defendants are violating plaintiffs' substantive Due Process rights by placing an un-

constitutional burden on the exercise of plaintiffs' fundamental right to reproductive freedom. This Court remains unpersuaded that plaintiffs' Substantive Due Process rights have been violated because plaintiffs have failed to demonstrate a deprivation of life, liberty, or property as required by the Fourteenth Amendment. Rather, to support their Substantive Due Process claim, plaintiffs rely on a series of First Amendment cases dealing with freedom to exercise religion.

The plaintiffs have cited, for example, the case of *Hobbie v. Unemployment Appeals Commission of Florida*, —— U.S. ——, 107 S.Ct. 1046, 94 L.Ed.2d 190 (1987), which deals with a Seventh-Day Adventist who was discharged for refusing to work on Saturdays. Hobbie, the former employee, then filed a claim for unemployment compensation with the Florida Department of Labor & Employment Security, which was denied. After Hobbie completed all proper procedures necessary to challenge her denial of benefits, the United States Supreme Court agreed to consider the issue and reversed the denial of benefits. *Hobbie*, 107 S.Ct. at 1048.

Relying on the precedent of *Sherbert v. Verner*, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963), and *Thomas v. Review Board of the Indiana Employment Security Division*, 450 U.S. 707, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981), the United States Supreme Court held that Hobbie's disqualification from receipt of unemployment benefits violated the Free Exercise Clause of the First Amendment. The Court's reasoning was founded on the principle that the state's disqualification of Hobbie forced her to choose between following the precepts of her religion or abandoning her religion in order to accept work. "Governmental inmposition of such a choice puts the same kind of burden upon the free exercise of religion as would a fine imposed against [her] for her Saturday worship." *Hobbie*, 107 S.Ct. at 1049 (*quoting Sherbert v. Verner*, 374 U.S. at 404, 83 S.Ct. at 1794).

■] The defendants argue that the free exercise of religion holds a preferred place in constitutional jurisprudence over the right to bear children. This is not a true statement of the law. The right of procreation without state interference has long been recognized as "one of the basic civil rights of man ... fundamental to the very existence and survival of the race." *Skinner v. Oklahoma, ex rel. Williamson*, 316 U.S. 535, 541, 62 S.Ct. 1110, 1113, 86 L.Ed. 1655 (1942). Therefore, it is clear that both the free exercise of religion and the right to bear children without state interference are fundamental rights recognized by the United States Supreme Court as deserving equal treatment under the due process clause of the Fourteenth Amendment.

There are critical distinctions between the instant case and the First Amendment cases relied upon by the plaintiffs which make the First Amendment cases unpersuasive precedent. The plaintiffs' analogy to First Amendment cases is faulty in that the denial of unemployment compensation does not impinge upon the plaintiffs' right to bear children. Rather, the instant case is analogous to *Maher v. Roe*, 432 U.S. 464, 476, 97 S.Ct. 2376, 2383, 53 L.Ed.2d 484 (1977), where the United States Supreme Court identified a distinction between direct state interference with a fundamental right and a neutral policy consistent with legislative intent.

The Missouri statute governing unemployment compensation, Mo.Rev.Stat. § 288.050.1(1), represents a neutral policy toward the fundamental right to bear children. Neither the statute nor its application have any effect on a woman's right to bear children without state interference. The United States Supreme Court has found that the Missouri statute is a

"neutral rule that incidentally disqualifies pregnant or formerly pregnant claimants as part of a larger group ... To apply this law, it is not necessary to know that petitioner left because of pregnancy: all that is relevant is that she stopped work for a reason bearing no causal connection to her work or her employer."

*Wimberly v. Labor and Industrial Relations Commission,* —— U.S. ——, 107 S.Ct. 821, 825, 93 L.Ed.2d 909 (1987).

 The Supreme Court's finding that the Missouri unemployment compensation statute does not violate the Federal Unemployment Tax Act, 26 U.S.C. § 3304(a)(12), which provides that no state shall deny any compensation "solely on the basis of pregnancy or termination of pregnancy" supports the conclusion that the Missouri statute does not violate the Due Process Clause of the Fourteenth Amendment. In the instant case, the plaintiffs are not forced to choose between bearing children and accepting employment. The Missouri unemployment compensation statute does not impose such a choice on females in the workplace. All women in plaintiffs' position are free to choose to bear children without State interference. It is the legislature's intent to provide unemployment compensation only to employees who leave their employment with good cause attributable to the work or the employer. Mo.Rev. Stat. § 288.050.1(1). This neutral policy does not violate the plaintiffs' Due Process right to bear children.

This Court is sympathetic to the plaintiffs' position in losing their job and having no right to regain it after a reasonable maternity leave. The California legislature ameliorated this problem by amending its Fair Employment and Housing Act to prohibit employment discrimination on the basis of pregnancy. *See* Cal.Labor Code Ann. § 1420.35, 1978 Cal.Stats. ch. 1321, § 1, p. 4320–4322, now codified at Cal.Gov't Code Ann. § 12945(b)(2) (West 1980). This statute requires employers to provide female employees an unpaid pregnancy disability leave of up to four months. The maternity leave policy was upheld against a Title VII challenge in *California Federal Savings and Loan Ass'n v. Guerra,* 479 U.S. ——, 107 S.Ct. 683, 93 L.Ed.2d 613 (1987). It is the opinion of this Court that similar legislation should be enacted by the Missouri legislature. Until that time, it is beyond the scope of the judiciary to interfere with the function of the legislative branch.

Accordingly, it is hereby

ORDERED that the defendants' motion for summary judgment is granted, and plaintiffs' cross-motion for summary judgment is denied.