**Walter DARCHUK, Plaintiff,**

v.

**KELLWOOD COMPANY, Defendant.**

No. 88–1392 C (2).

United States District Court,
E.D. Missouri, E.D.

Sept. 18, 1991.

Arthur J. Martin, Schuchat, Cook and Werner, St. Louis, Jay Thomas Youngdahl, Youngdahl, Trotter, McGowan & Harmon, Little Rock, Ark., for plaintiff Walter Darchuk.

James N. Foster, Jr., Fred A. Ricks, Jr., McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, for defendant Kellwood Co..

### MEMORANDUM

NOCE, United States Magistrate Judge.

This cause is before the Court on the motion of defendant Kellwood Company for partial summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. 28 U.S.C. § 636(c).

In his complaint plaintiff Walter Darchuk alleges violations of the Age Discrimination in Employment Act of 1967 (ADEA),

29 U.S.C. §§ 621–634, and the Employees' Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1381. It is not disputed that from 1972 until September 7, 1987, Darchuk was employed by Kellwood Company. Darchuk was an employee within the meaning of 29 U.S.C. § 630(f), participated in Kellwood's retirement income plan, and at all relevant times was within the class of employees protected by the ADEA. *See*, 29 U.S.C. § 631(a).

Darchuk alleges that because of his age he was denied wage increases and other forms of compensation and was discharged. Furthermore, Darchuk claims that Kellwood's Pension Plan (Pension Plan) violates the ADEA.

In its motion for partial summary judgment, defendant argues that it is entitled to judgment as a matter of law because: (1) Kellwood maintains a bona fide Pension Plan; and (2) plaintiff can produce no evidence that any of the Pension Plan's provisions are a subterfuge to evade the purposes of the ADEA.[1]

In his response to defendant's motion for partial summary judgment, plaintiff argues that Kellwood's Pension Plan is on its face a subterfuge to evade the purposes of the ADEA and that the recently enacted Older Workers Benefit Protection Act (OWBPA) is controlling in this case.

Kellwood maintains that plaintiff cannot succeed on his ADEA claim as a matter of law because its challenged conduct during plaintiff's employment between 1972 and September 1987, is immunized by the broad interpretation of § 4(f)(2) of the ADEA given by the Supreme Court in *Public Employees Retirement System of Ohio v. Betts*, 492 U.S. 158, 109 S.Ct. 2854, 106 L.Ed.2d 134 (1989). Kellwood further ar-

gues that it faithfully observed the terms of a bona fide pension plan, which was not a subterfuge to evade the purposes of the ADEA.[2]

The OWBPA is Congress' response to the Supreme Court decision announced in *Betts, supra.* On October 16, 1990, President Bush signed the OWBPA which amended the ADEA by overturning important aspects of the *Betts* decision. The OWBPA counteracts the *Betts* holding by: (1) permitting age-based reductions in employee benefits only where justified by significant cost considerations; and (2) placing the burden of proof on the employer to demonstrate that its actions are lawful, rather than on the employee to demonstrate that they are not. *See*, Pub.L. No. 101–433, 104 Stat. 978 (Oct. 16, 1990). However, Congress gave the Act only *prospective* effect. *See*, *Equal Employment Opportunity Commission v. Westinghouse Electric Corp.*, 925 F.2d 619, 622 n. 2 (3d Cir.1991); *Bell v. Trustees of Purdue University*, 761 F.Supp. 1360, 1361 (N.D.Ind.1991). Accordingly, the Court's analysis remains controlled by *Betts'* definition of the subterfuge requirement and its placement of the burden of proof on the plaintiffs. *See*, *Equal Employment Opportunity Commission, supra.*

In *Betts*, the Court reached several conclusions regarding the precise meaning of "subterfuge" in § 4(f)(2) of the ADEA. *See*, 29 U.S.C. § 623(f)(2). First, it reaffirmed its holding in *United Air Lines, Inc. v. McMann*, 434 U.S. 192, 98 S.Ct. 444, 54 L.Ed.2d 402 (1977), that an employee plan adopted prior to the enactment of the ADEA cannot be a subterfuge. *See, Betts, supra*, 492 U.S. at 168, 109 S.Ct. at 2861. The Court noted, however, that to the ex-

---

**1.** On April 12, 1991, the Honorable Judge Edward L. Filippine issued an order pertaining to defendant's partial summary judgment motion. The Court specifically stayed ruling "on defendant's motion for partial summary judgment on plaintiff's claim for pension benefits as that motion relates to the claim that the Pension Plan violates the ADEA until plaintiff has had an opportunity to supplement his response." Plaintiff filed his supplemental response on May 3, 1991 and the parties consented to the exercise of jurisdiction by a United States Magistrate

Judge, pursuant to 28 U.S.C. § 636(c) on July 2, 1991.

**2.** Section 4(f)(2) provides that an employer does not violate the ADEA when it

observe[s] the terms of ... any bona fide employee benefit plan such as a retirement, pension, or insurance plan, which is not a subterfuge to evade the purposes of this chapter....

*See*, 29 U.S.C. § 623(f)(2).

tent a post ADEA provision of a plan "increased the age-based disparity caused by the pre-Act age limitation, *McMann* does not insulate it from challenge." *Id.*, 492 U.S. at 169, 109 S.Ct. at 2862. Next, the Court reiterated its statement in *McMann* that " 'subterfuge' means 'a scheme, plan, stratagem, or artifice of evasion,' which, in the context of § 4(f)(2), connotes a specific 'intent ... to evade a statutory requirement.' " *Id.*, at 171, 109 S.Ct. at 2863 (quoting *McMann, supra*, 434 U.S. at 203, 98 S.Ct. at 450). Lastly, the Court stated that a plaintiff seeking to challenge a plan falling within the scope of § 4(f)(2) "bears the burden of proving that the discriminatory plan provision actually was intended to serve the purpose of discriminating in some nonfringe-benefit aspect of the employment relation." *Id.*, 492 U.S. at 181, 109 S.Ct. at 2868.

In the case at bar, it is undisputed that Kellwood's Pension Plan was established in 1961, well before the enactment of the ADEA. The Pension Plan remained unchanged until 1988, when it was amended to comply with the Omnibus Budget Reconciliation Act of 1986 (OBRA), Pub.L. No. 99–509, 100 Stat. 1874 (1986). Therefore, plaintiff bears the burden of presenting evidence that Kellwood's Pension Plan is a "subterfuge" to evade the purposes of the ADEA as mandated by *Betts.*

This Court must grant summary judgment if, based upon the pleadings, admissions, depositions and affidavits, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.Pro. 56(c); *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Board of Education, Island Trees, etc. v. Pico*, 457 U.S. 853, 863, 102 S.Ct. 2799, 2806, 73 L.Ed.2d 435 (1982). The moving party must initially demonstrate the absence of an issue for trial. *Celotex Corporation, supra*, 477 U.S. at 323, 106 S.Ct. at 2552. Any doubt as to the existence of a material fact must be resolved in favor of the party opposing the motion. *Board of Education, Island Trees, supra*, 457 U.S. at 863, 102 S.Ct. at 2806. Nevertheless, once a motion is properly made and supported, the non-moving party may not rest upon the allegations in his pleadings but must instead set forth specific facts showing that there is a genuine issue of material fact for trial. Fed.R.Civ.Pro. 56(e); *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir.1984). Summary judgment must be granted to the movant if, after adequate time for discovery, the non-moving party fails to produce any proof to establish an element essential to the party's case and upon which the party will bear the burden of proof at trial. *Celotex Corporation, supra*, 477 U.S. at 322–24, 106 S.Ct. at 2552–53.

Plaintiff has failed to proffer any evidence that any provision of Kellwood's Pension Plan is a subterfuge to evade the purposes of the ADEA. Rather, plaintiff relies solely on his argument that the OWBPA controls the issues of this case and that the Pension Plan is a subterfuge on its face. Based on the foregoing analysis, the Court determines that such a position taken by plaintiff is without merit.

There are no issues of material fact existing with regard to plaintiff's claim that Kellwood's Pension Plan violates the ADEA. Defendant has demonstrated that it is entitled to judgment as a matter of law. Summary judgment is, therefore, appropriate with regard to this aspect of plaintiff's complaint. Fed.R.Civ.Pro. 56(c).

An appropriate Order is issued herewith.

## ORDER

In accordance with the Memorandum issued herewith,

IT IS HEREBY ORDERED that the motion of defendant Kellwood Company for summary judgment with regard to plaintiff's claim that the defendant's pension plan violates the Age Discrimination in Employment Act of 1967 is sustained.