115 F.Supp.2d 1142 (2000)
Dave SHEPARD, Plaintiff,
v.
Willis COURTOISE, et al., Defendant.
No. 4:99 CV 559 DDN.
United States District Court, E.D. Missouri, Eastern Division.
August 29, 2000.
*1143 *1144 Ferne P. Wolf, D. Eric Sowers, Sowers and Wolf, LLC, St. Louis, MO, for Dave Shepard, plaintiffs.
Gerald Kretmar, Partner, Appleton and Kretmar, St. Louis, MO, for Willis Courtoise, Intl Union, United Auto, Aerospace and Agricultural Implement Workers, Local 325 International Union of United Auto Workers of America, defendants.

MEMORANDUM
NOCE, United States Magistrate Judge.
This matter is before the court upon defendants' motion for summary judgment (Doc. No. 43), defendants' motion to strike plaintiff's additional statement of uncontroverted facts (Doc. No. 47) and plaintiff's motion to strike affidavits submitted by defendants with their reply memorandum in connection with their motion for summary judgment (Doc. No. 49). A hearing on defendants' summary judgment motion was held July 14, 2000. The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).
Plaintiff Dave Shepard, employed by Ford Motor Co. as a supervisor, originally brought this libel action in the Circuit Court of St. Louis County against defendants Willis Courtoise; the International Union, United Auto, Aerospace and Agricultural Implement Workers (International Union); and Local 325 of the International Union of United Auto Workers of America (Local 325). Defendants removed the action to this court. Plaintiff alleged that defendant Courtoise, president of Local 325, published a document containing false and defamatory characterizations of plaintiff.
Defendants moved for summary judgment, arguing that since the statements were made in the context of a labor dispute, plaintiff must prove actual malice and plaintiff cannot do so. Defendant also argues that the statements were opinions and, as such, are privileged under the First Amendment and do not constitute actionable defamation. Defendants finally argue that there is no basis for liability as to the International Union[1] and that there is no basis for defendant Courtoise to be held personally liable.
*1145 Plaintiff argues that defendant Courtoise is subject to personal liability, that defendant Courtoise's statements are not protected by the First Amendment and that the statements were false and made with actual malice. Plaintiff further argues that whether the statements were made with knowledge of their falsity or with reckless disregard for the truth is for the jury to decide.
The court will first address the parties' additional motions, which pertain to defendants' motion for summary judgment.

A. Defendants' Motion to Strike Plaintiff's Statement of Uncontroverted Facts
Defendants argue that the court should strike plaintiff's additional statement of uncontroverted facts. Plaintiff argues that he was complying with Rule 56, which "obligates the nonmoving party to `set forth specific facts showing that there is a genuine issue for trial.'" Pl. Mem. in Opp., filed July 14, 2000 (Doc. No. 50), at 1 (quoting Fed.R.Civ.P. 56(e)).
Local Rule 7-4.01 provides as follows:
(E) A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts....
L.R. 7-4.01(E). The court finds nothing in the rule to prohibit plaintiff from submitting the statement of facts that he did. The court determines that plaintiff was attempting to demonstrate his belief that there are genuine issues of material fact for trial and agrees with plaintiff that the rule does not dictate a title or caption for the nonmoving party's submission.
Defendants' motion to strike plaintiff's response to defendant's statement of uncontroverted facts and plaintiff's additional statement of uncontroverted facts is denied.

B. Plaintiff's Motion to Strike Affidavits Submitted by Defendants with Reply Memorandum
Plaintiff argues that this court should strike the affidavits that defendants submitted with their reply memorandum in connection with their motion for summary judgment. Specifically, plaintiff requests that the court strike the Affidavits of Kenneth Rodgers, Joyce Smith, Donna Faerber, Kenny Bristol, Roger Anderson and James Ingram.
The court has considered the arguments of plaintiff and defendants and will deny plaintiff's motion to strike the affidavits attached to defendants' reply memorandum. The court agrees with defendants that they are permitted to reply to plaintiff's allegations that Courtoise lied when registering complaints about Shepard to Ford officials Kilbane and Spann. Furthermore, the court has reviewed defendants' Rule 26 Initial Disclosures and finds them adequate. See Def. Resp., filed July 17, 2000 (Doc. No. 51), at Exh. 1. Plaintiff should have raised the issue before if he felt the Rule 26 disclosures were not adequate.
Plaintiff's motion to strike affidavits submitted by defendants in their reply memorandum is denied.

C. Defendants' Motion for Summary Judgment
The court must grant defendants' motion for summary judgment if the pleadings, admissions, stipulations, depositions and affidavits demonstrate that no genuine issue of material fact exists and the moving party is entitled to judgment as a *1146 matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Board of Educ., Island Trees Union Free School Dist. No. 26 v. Pico, 457 U.S. 853, 863, 102 S.Ct. 2799, 73 L.Ed.2d 435 (1982). The moving party must initially demonstrate the absence of an issue for trial. Celotex, 477 U.S. at 323, 106 S.Ct. 2548. Any doubt as to the existence of a material fact must be resolved in favor of the party opposing the motion. Pico, 457 U.S. at 863, 102 S.Ct. 2799.
Once a motion is properly made and supported, the non-moving party may not rest upon the allegations in the pleadings but must instead set forth evidence of specific facts showing that there is a genuine issue of material fact for trial. Fed. R.Civ.P. 56(e); Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir.1984). Although the court views the facts in the light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be genuine dispute over those facts that could actually affect the outcome of the lawsuit." Webb v. Lawrence County, 144 F.3d 1131, 1135 (8th Cir.1998).
The allegedly defamatory statements at issue in this case are as follows:
a. That [supervisors] "will pretend to be your friend and turn around and abuse  misuse  and literally screw you to death;"
b. That plaintiff is "the most useless individual I ever saw;"
c. "Out of all my years in this plant, I have never known a superintendent to mistreat employees  to abuse employees like Dave Shepard;"
d. "I have had so many conversations with management over Dave Shepard and still this stupid individual continues to abuse employees." and
e. That plaintiff "is a sarcastic, cocky, arrogant human being and I am tired of him, and so are the employees."
Def. Exh. 2, at 2 (quoting, Def.Exh. 3).
For the reasons discussed below, the court concludes that defendants are entitled to summary judgment as to statements (a), (b) and (e). However, the court further concludes that defendants are not entitled to summary judgment as to statements (c) and (d).
This court has already ruled that the statements were made in the context of a labor dispute. See Memorandum and Order, filed Dec. 3, 1999 (Doc. No. 29), at 5. As such, plaintiff's entitlement to state remedies is limited to situations where he can show that the defamatory statements were made with malice and caused him damage. Linn v. United Plant Guard Workers of America, Local 114, 383 U.S. 53, 64-65, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966). The court in Linn adopted "by analogy" the same malice standard as defined in New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).[2]Id. at 65, 86 S.Ct. 657.
However, before the court can apply the malice standard, it must first determine whether defendant made a false statement of fact. Beverly Hills Foodland, Inc. v. United Food and Commercial Workers Union, Local 655, 39 F.3d 191, 195 (8th Cir.1994); see also, Milkovich v. Lorain Journal Co. et al., 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990) (court rejected the idea of creating a fact/opinion dichotomy; nevertheless a claimant still must prove a statement false before there can be liability under the malice standard). That court in Beverly Hills Foodland further elaborated:
While statements in the form of opinions or questions do not enjoy absolute protection as such, to be actionable such statements must be "reasonably read as an assertion of a false fact." Because *1147 the statement contained in the handbill was not a false statement of fact, nor could it reasonably be read as such, the statement must necessarily be characterized as nondefamatory in the context of the existing labor dispute.
Id. at 195-96 (quoting Chapin v. Knight-Ridder, Inc., 993 F.2d 1087 (4th Cir.1993)) (other citations omitted).
In Missouri, whether language is actionable as defamation is a question of law to be decided by the trial court. Rockwood Bank v. Gaia, 170 F.3d 833, 841 (8th Cir.), cert. denied, ___ U.S. ___, 120 S.Ct. 407, 145 L.Ed.2d 317 (1999). "The test to be applied to an ostensible `opinion' is whether a reasonable factfinder could conclude that the statement implies an assertion of objective fact." Nazeri v. Missouri Valley College, 860 S.W.2d 303, 314 (Mo. banc 1993). Courts have held that "imaginative expression" and "rhetorical hyperbole" are not actionable as defamation. Id. (quoting Milkovich, 497 U.S. at 20 n. 7, 110 S.Ct. 2695). The Supreme Court has also held that "to use loose language or undefined slogans that are part of the conventional give-and-take in our economic and political controversieslike `unfair' or `fascist'  is not to falsify facts." Old Dominion Branch No. 496, National Association of Letter Carriers, AFL-CIO v. Austin, 418 U.S. 264, 284, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974) (quoting Cafeteria Employees Local 302 v. Angelos, 320 U.S. 293, 295, 64 S.Ct. 126, 88 L.Ed. 58 (1943)). Other terms falling within this category are "blackmail," see Greenbelt Cooperative Publishing Ass'n., Inc. v. Bresler, 398 U.S. 6, 13-14, 90 S.Ct. 1537, 26 L.Ed.2d 6 (1970), "liar," see Linn, 383 U.S. at 60-61, 86 S.Ct. 657, and "scab," see Austin, 418 U.S. at 282-83, 94 S.Ct. 2770.
Defendants argue that all of the statements fall into the category of "imaginative expression" and "rhetorical hyperbole." See Milkovich, 497 U.S. at 20, 110 S.Ct. 2695. The court concludes that the terms in statements (b) and (e), "useless individual," "sarcastic," "cocky," and "arrogant," fall within this category and are not actionable as defamation. Therefore, the court will grant summary judgment to defendants as to these statements.
On the other hand, statements (c) and (d) assert that plaintiff "abuses" employees. "Abuse" is defined as 1) to use wrongly or improperly; 2) to injure by maltreatment; 3) to assail with abusive words; 4) improper use or handling; 5) a corrupt practice or custom; 6) physical maltreatment; and 7) coarse or insulting language. Webster's II New Riverside University Dictionary (1984). In view of the accepted definition of "abuse," the court concludes that "a reasonable trier of fact could find that the so-called opinion could be interpreted as a false assertion of fact." Lundell Manufacturing Co., Inc. v. American Broadcasting Companies, Inc., 98 F.3d 351, 358 (8th Cir.1996), cert. denied, 520 U.S. 1186, 117 S.Ct. 1470, 137 L.Ed.2d 683 (1997).
The next determination the court must make is whether, as a matter of law, the evidence in the record supports a finding of actual malice. See Milkovich, 497 U.S. at 17, 110 S.Ct. 2695. The Supreme Court has also held as follows:
[A] court ruling on a motion for summary judgment must be guided by the New York Times `clear and convincing' evidentiary standard in determining whether a genuine issue of actual malice exists  that is whether the evidence presented is such that a reasonable jury might find that actual malice had been shown with convincing clarity.
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In order to support a finding of actual malice, plaintiff must show that the statements were made "with knowledge that it was false or with reckless disregard of whether it was false or not." Sullivan, 376 U.S. at 280, 84 S.Ct. 710.
Plaintiff presented the testimony of two hourly workers who assert that plaintiff did not abuse other employees. The first is Jan Hook. She testified that *1148 she first met plaintiff when he was the superintendent over at the body shop and she was loaned to the body shop. Depo. of Jan Hook, at 4. She testified that she worked for Shepard about four or five times and that "he was real friendly with all the people that worked around there, and everybody seemed to like him over there in body shop, as still today." Id. at 5, 84 S.Ct. 710. She also said that when she worked with him in the trim department, she always "really got along well with Dave Shepard." Id. at 7, 84 S.Ct. 710.
Plaintiff also presented the testimony of Troy Rhodes, another hourly worker. Rhodes, who had worked with plaintiff since 1995, testified as follows:
As long as I've worked for Dave, he's always handled himself in a professional way. He's never disrespected me. I've never seen him disrespect anyone in that plant. He's always enforced the rules. He's always enforced the company policy. He's always made me feel personally like this is my job, this is how my family survives. If you don't do this job and you don't do it within the company policy, I have to take the guidelines to handle you in that manner. And when  any time I stepped out on that, Dave handled hisself (sic) in that manner. And I've never  I've never seen him do anything I thought was disrespectful or harmful to anybody. In the area I work in.
Depo. of Troy Rhodes, at 12.
Plaintiff also presented the testimony of Jim Edwards, a line supervisor who worked under plaintiff. When asked whether plaintiff abused employees, Edwards responded that his opinion was that abuse was too strong of a word. Depo. of Jim Edwards, at 56-57. He then asserted that it was his opinion that plaintiff did not abuse employees. Id. at 57.
The court concludes that plaintiff has presented clear and convincing evidence to support a finding of actual malice. If a jury credited the above testimony, it could find that defendant Courtoise published statements (c) and (d) with knowledge of its falsity or with reckless disregard for the truth. The court notes that defendants have presented testimony which is contrary to plaintiff's offered testimony. However, it is not the role of this court to determine which testimony is more credible; that is clearly a function of the jury. See Gremmels v. Tandy, 120 F.3d 103, 105 (8th Cir.1997) ("Upon motion for summary judgment, the district court's function is neither to weigh the evidence nor make credibility determinations, but to determine if there is a genuine issue for trial").
The court must also address statement (a). While this statement alleges abuse, an allegation that the court concludes is actionable, it does not specify plaintiff. Rather, it merely refers to "supervisors." The court concludes that this statement is not specific enough to identify plaintiff and, therefore, is not actionable.
Defendants finally argue that defendant Courtoise cannot be held individually liable, citing Section 301(b) of the Labor Management Relations Act, 29 U.S.C. § 185(b). The court does not agree. After the Supreme Court in Linn held that parties may be held liable for circulating defamatory material known to be false, the court concluded that "[i]n such case the one issuing such material forfeits his protection under the Act." Linn, 383 U.S. at 61, 86 S.Ct. 657.
For these reasons, defendants' motion for summary judgment (Doc. No. 43) is sustained in part and denied in part. An appropriate order is issued herewith.
NOTES
[1] In plaintiff's Memorandum in Opposition, he argued that he "does not dispute the International's motion as to its separate liability." Pl. Mem. in Opp., filed May 24, 2000 (Doc. No. 43), at 1. At the hearing on July 14, 2000, plaintiff advised the court that defendant International Union is no longer in the case. However, nothing has been filed with the court to reflect the dismissal of this defendant; therefore, the court will dismiss defendant International Union.
[2] A statement made with malice is made "with knowledge that it was false or with reckless disregard of whether it was false or not." Sullivan, 376 U.S. at 280, 84 S.Ct. 710.