SABERS, Retired Justice
(dissenting).
[¶ 26.] The trial court erred in granting summary judgment in each of these cases and I dissent. Whether the statements at issue permit defamatory inferences to be drawn therefrom are questions to be decided by a finder of fact, not the judge, and should not be disposed of by summary judgment.
[¶ 27.] A public official who sues for defamation based on statements made about his public duties must prove that the statements were made with actual malice. New York Times Co. v. Sullivan, 376 U.S. 254, 279-80, 84 S.Ct. 710, 726, 11 L.Ed.2d 686 (1964). Actual malice is proven by showing “that the defendant knew the defamatory statements were false or acted with reckless disregard of the truth in publishing the statements.” Krueger v. Austad, 1996 SD 26, ¶21, 545 N.W.2d 205, 213 (citing New York Times, 376 U.S. at 287-88, 84 S.Ct. at 729-30). On summary judgment, we use a “ ‘clear and convincing’ evidentiary' standard in determining whether a genuine issue of actual malice exists[.]” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 2514-15, 91 L.Ed.2d 202 (1986) (citing New York Times, 376 U.S. at 285-86, 84 S.Ct. at 729). But the clear and convincing standard does not change the traditional summary judgment analysis; we still consider all facts and all reasonable inferences from them in the light most favorable to the nonmoving party. See Krueger, 1996 SD 26, ¶ 7, 545 N.W.2d at 211.
[¶ 28.] Saathoff claims that Kuhlman defamed him in Kuhlman’s letter to the *808 editor that was published in three area newspapers. The specific sentence at issue stated: “After receiving information that as many as 60 new tires and cutting edges had disappeared from new equipment purchased in 1991 and 1994, the State’s Attorney was consulted.” Kuhl-man’s own testimony indicates that at the time he wrote his letter to the editor, he knew that the new tires and cutting edges had been traded in with the old machinery, and that they had not “disappeared.” The facts demonstrate that Kuhlman not only had a “high degree of awareness of [its] probable falsity[,]” but that he also had actual knowledge of the falsity. Krueger, 1996 SD 26, ¶ 21, 545 N.W.2d at 213 (quoting Garrison v. Louisiana, 379 U.S. 64, 74, 85 S.Ct. 209, 216, 13 L.Ed.2d 125 (1964)). This meets the clear and convincing standard of proof.
[¶ 29.] Kuhlman alleges that Saathoff and Larson defamed him in three instances in a petition circulated to garner support to remove Kuhlman from the commission. The specific allegations were that Kuhlman (1) met alone with Palo, that Kuhlman told Palo not to tell anyone about the meeting, and that the commission did not approve of the meeting; (2) demanded that the April 6, 2004, Hamlin County Commission meeting minutes be changed; and (3) instructed county employees to use county equipment to haul fieldstone from his private property. The record and testimony indicate that these insinuations of wrongdoing are not factually supported. First, there was testimony that Kuhlman did not visit Palo alone, nor did Kuhlman visit Palo on his own accord; he went upon the request of the commission. Second, there was testimony that all five commissioners, and not Kuhlman on his own, collaboratively decided to change the “unapproved” meeting minutes, and that changing the minutes does not necessarily implicate wrongdoing. Finally, with regard to the last allegation, there was testimony that Kuhlman had donated rock to the county, and that the rock was located within the right-of-way of a township road, rather than on Kuhlman’s own property. Therefore, this evidence similarly meets the requisite standard of proof.
[¶ 30.] Moreover, in Anderson v. Liberty Lobby, Inc., the Upited States Supreme Court cautioned,
Our holding that the clear-and-eonvinc-ing standard of proof should be taken into account in [defamation cases involving public figures or public officials when] ruling on summary judgment motions does not denigrate the role of the jury. It by no means authorizes trial on affidavits. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.][9]
477 U.S. at 255, 106 S.Ct. at 2513 (emphasis added).[10] Even under the higher evi-dentiary standard that a public figure or public official must meet to prevail on a defamation claim, certain determinations must still be made by a finder of fact.
*809 [¶ 31.] Our case law directs that it is for a fact finder to determine whether a statement implies a false assertion of objective fact. Paint Brush Corp., Parts Brush Div. v. Neu, 1999 SD 120, ¶ 50, 599 N.W.2d 384, 397 (citing Lundell Mfg. v. Am. Broad. Cos., 98 F.3d 351 (8th Cir. 1996)). See also Manuel v. Wilka 2000 SD 61, ¶¶ 34-35, 610 N.W.2d 458, 465 (holding that summary judgment was improper because it is for a fact finder to determine whether statements constituted actionable false assertions of objective fact); see generally Shepard v. Courtoise, 115 F.Supp.2d 1142, 1147 (E.D.Mo.2000). On summary judgment, “[t]he trial court is not to decide the issues of fact, just determine if any such issues exist.” Paint Brush Corp., 1999 SD 120, ¶ 31, 599 N.W.2d at 392 (citing Wilson v. Great N. Ry. Co., 83 S.D. 207, 211, 157 N.W.2d 19, 21 (1968)).
[¶ 32.] The circuit court dismissed both suits on summary judgment after finding, among other things, that the statements were true, even if considered half-truths. The court reasoned, “While each side would like to draw an inference that the statements are false, the inference can just as easily be drawn that the statements are true.” The court failed to recognize that one’s artful ability to choose specific words that make a statement technically true will not protect him if the words can also be interpreted to imply wrongdoing by the plaintiff. However, whether this is the case is a determination that should be made by a fact finder, not a judge on summary judgment.
[¶ 33.] Saathoff s claim focuses on the word “disappeared.” Viewed in the light most favorable to the nonmoving party, this statement carries the reasonable implication that Saathoff stole the new tires and cutting edges. Nonetheless, whether this statement implies a false assertion of objective fact is a question of fact to be decided by a jury. Anderson, 477 U.S. at 255, 106 S.Ct. at 2513; Paint Brush Corp., 1999 SD 120, ¶ 50, 599 N.W.2d at 397. For this reason, it was error for the trial court to grant summary judgment.
[¶ 34.] The reasoning and conclusion are the same for Kuhlman’s claims against Saathoff and Larson. All three allegations, when viewed in the light most favorable to the nonmoving party, can be reasonably interpreted to imply that Kuhlman was involved in wrongdoing, whether it was meeting with an individual in a manner exceeding his authority, wrongfully requiring meeting minutes to be changed, or improperly using county resources for a personal benefit. Therefore, it is for a jury to determine whether the statements imply false assertions of objective fact. Anderson, 477 U.S. at 255, 106 S.Ct. at 2513; Paint Brush Corp., 1999 SD 120, ¶ 50, 599 N.W.2d at 397. Summary judgment in this instance was similarly improper.
[¶ 35.] Moreover, Saathoff and Kuhl-man have both claimed damages from the other party’s actions. For these situations, the United States Constitution and the South Dakota Constitution safeguard one’s right to a jury trial. See U.S. Const, amend. VII (“In [s]uits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.... ”); S.D. Const, art. VI, sec. 6 (“The right of trial by jury shall remain inviolate and shall extend to all cases at law without regard to the amount in controversy....”). By affirming the trial court’s grants of summary judgment, this Court is violating these constitutional mandates.
[¶ 36.] Due to the nature of the statements, genuine issues of material fact exist as to whether these statements were made with malice. Further, granting summary *810 judgment in light of both parties’ damages unconstitutionally denies them their right to a jury trial. For these reasons, the trial court should be reversed, and the cases remanded for trial.
[¶ 37.] KONENKAMP, Justice, joins this dissent.

. The majority ignores this cautionary language from Anderson. I agree that the plaintiff must meet higher evidentiary standards, even on summary judgment. However, Anderson directs that if the plaintiff’s claim is based on language that is potentially defamatory, it is the finder of fact’s duty to make that determination. To hold otherwise would nullify the teachings of Anderson and its progeny, not to mention the fact finder's imperative role in the narrow line of cases similar to this.

. Sparagon v. Native Am. Publishers, Inc., 1996 SD 3, 542 N.W.2d 125, and Krueger, 545 N.W.2d 205, are distinguishable from the facts here as these cases did not involve statements amenable to contrary conclusions.